## ALLEN *vs.* KINCAID.

G. extended an execution on the land of K. taking the whole front of his farm, except a strip of five rods in width on one side, connecting the back land with the County road, but which could not be made passable for carriages, at an expense less than from $25 to $300. *Held*, that this did not create *a way of necessity* over any part of the *land levied on*.

THIS was an action of trespass *quare clausum fregit*, and was submitted for the opinion of the Court upon the following agreed statement of facts. The *locus in quo* was originally a part of the farm of the defendant, and was set off to one *Sally Godfrey* on execution against *Kincaid*. The levy included the whole front of said farm, exclusive of five rods on one side, which was left as a way from the County road to said *Kincaid's* back land, which he still owns. It was agreed that, it would cost from $25 to $300 to make said road, thus reserved, passable with carts and carriages. The plaintiff derived title from *Sally Godfrey*—

and the trespass complained of, was the attempt of the defendant to pass from his back land to the County road over a portion of the land other than the five rods aforesaid.

*Alden,* for the defendant, insisted that, the leveying creditor was bound to leave a convenient way — one that could be made passable by the debtor without being subjected to an unreasonable expense, which in this case was not done. And that, when such way is not left, the debtor has a right to select one for himself over the most convenient part of the land. 3 *Stark. Ev.* 1678.

*Mitchell,* for the plaintiff.

WESTON J. — The front land lying upon the road, being taken by the creditor, leaving the rear to the debtor, the latter was entitled to access thereto, and if none was reserved, he was entitled to a way of necessity. What the distance was the case does not find. It appears that the way reserved was not passable with carts and carriages, without incurring an expense of from twenty-five to three hundred dollars. It rarely happens that an unwrought road is convenient or suitable for carriages. To make it so, requires labor and expense. This is a charge, which does not fall upon the creditor. The defendant, in common with other citizens, could doubtless have the aid of the town in making the way, upon proper application. The way reserved might be so inconvenient or impracticable, as to be evidence of fraud upon the debtor's rights. No sufficient ground is afforded us, to justify such a conclusion. The defendant is not shut out from his land, and for any thing appearing in the case, a road may be made, over the reserved land, at a reasonable expense. The fee of the whole land levied on, passed to the creditor, whose title the plaintiff has, unless the defendant has therein a way of necessity. We cannot regard the facts agreed as affording sufficient evidence of such a right.

*Judgment for the plaintiff.*