WARDEN *v.* BALCH.

A conveyance of premises, " with the right to draw water as the pipes now lie " from the grantor's fish-pond, gives the grantee no right to draw water from a reservoir situated upon other land of the grantor,— although, at the time of the conveyance, water temporarily flowed in pipes from the reservoir to the premises conveyed, without the knowledge or procurement of the grantor, and although the parties, during their negotiation, examined the premises, and observed the water flowing a full stream, supposing it came from the fish-pond.

A grant to a third person of a right to draw from a reservoir all the water, except a reasonable supply for the grantor's use, is admissible in evidence as bearing on the interpretation of a subsequent deed from the same grantor under which the grantee claims the right to draw water from the same reservoir.

CASE, for stopping the flow of water from a reservoir on the defendant's land to the plaintiff's buildings.   Facts found by a referee.   The defendant owned the " Stone house " premises, so-called, in Hanover, and the adjoining farm known as the " Warden place." He conveyed the Warden place to the plaintiff by warranty deed, " with the right to draw water in the pipes as they now lie " from the defendant's fish-pond.   The Stone house was supplied with water from a reservoir.   The Warden place was supplied with water by an aqueduct connected with the defendant's fish-pond. Prior to said conveyance, the fish-pond failing to furnish sufficient water, the defendant increased the flow by laying a pipe from the reservoir to the aqueduct.   Finding the supply of water at the Stone house thereby diminished, he stopped up the pipe, but it was afterwards opened without his knowledge by a tenant who occupied the premises.   Several days before the conveyance, the plaintiff and defendant together examined the Warden place, observed the water flowing a fair stream, and supposed it came from the· fish-pond, while in fact it came from the reservoir.   The water flowed from the same source at the time the deed was executed, but neither party was aware of it.   Subject to exception, the defendant was allowed to put in evidence a deed, executed prior to the date of the conveyance to the plaintiff, from the defendant to one Ricker, of the right to have water flow through a pipe laid from the reservoir to Ricker's premises, according to its natural flow, after furnishing a reasonable supply for the Stone house.

*Dole*, for the plaintiff.

*Duncan*, for the defendant.

BINGHAM, J.   The deed from the defendant to the plaintiff describes the water-right conveyed.   Its language, construed in the light of surrounding circumstances, shows that the parties understood a right was granted to take water from the fish-pond only. The water running from the reservoir to the Warden place at the time of the conveyance must have been drawn from the reasonable supply reserved for the Stone house.   The express mention of the right to take water from one source, excludes, by implication, the right to take water from any other.   *Hare* v. *Horton*, 5 B. & Ad. 715; *Coolidge* v. *Hager*, 43 Vt. 9.   The plaintiff acquired by his deed no other water-right than that expressly described.   The deed to Ricker was competent to show the state of the defendant's title at the time of his grant to the plaintiff, as evidence on the question of the construction of the grant.

*Judgment for the defendant.*

STANLEY, J., did not sit: the others concurred.