WENTWORTH v. PHILPOT.

If a grantor of two pieces of land, in his conveyance of the first, reserves to himself the right to draw water from a well situated on it, this right, though enjoyed by him in his occupation of the second piece, does not pass by his subsequent conveyance of that piece.

When land is conveyed by deed, an easement of convenience merely in other land does not pass by implication.

CASE, for obstructing the plaintiff's right to take water from a well on the defendant's land, which right the plaintiff claims is appurtenant to the premises occupied by him. Facts found by the court. In 1864 one Dore, being the owner of the land now owned

by the plaintiff, purchased one undivided third of the Philpot lot, in which the well is located. In 1868 he conveyed his interest in the Philpot lot to the Somersworth Savings-Bank, then the owner of the other two thirds, by a quitclaim deed, which contained this stipulation : " It is agreed that said Dore shall have the privilege of getting water from the well on said premises, and may enter upon the same in the usual or other convenient way provided by said bank or its assigns." Afterwards the bank conveyed the whole lot by a quitclaim deed without reservation to one Burleigh, who subsequently conveyed it to the defendant by a warranty deed containing this clause : " Subject to all the exceptions and reservations which may have been made upon said granted premises by the former owners thereof in their several conveyances, and to all rights which Andrew Dore and his heirs and assigns and all other persons may have to the use of the water in the well on said premises, and a right of way thereto." After Dore's death, his widow continued to use the well as before without objection, until May, 1876, when she sold the Wentworth lot to the plaintiff. He then took possession, and used the well on the Philpot lot until about September 10, 1879, when the defendant locked the pump, and has ever since prevented him from taking water from the well.

If upon these facts the action can be maintained, judgment is to be rendered for the plaintiff for $15 ; otherwise for the defendant.

*Wheeler*, for the plaintiff.

*Wells & Burleigh*, for the defendant.

FOSTER, J. If the right of drawing water, reserved by Dore, was an easement in gross, it has not been conveyed to the plaintiff. It was not reserved as appurtenant to, or part and parcel of, the Dore lot, nor is there any evidence that it is essential to its beneficial enjoyment. *Garrison* v. *Rudd*, 19 Ill. 558 ; *Ackroyd* v. *Smith*, 10 C. B. 164, 187.

If the right claimed by the plaintiff could pass by implication as an easement of necessity, like a way of necessity (a point on which we express no opinion), the fact of necessity is not found. The right claimed might be convenient and useful for the plaintiff, but an easement of convenience merely was not conveyed to the plaintiff by implication. *Evans* v. *Dana*, 7 R. I. 306, 310 ; *Grubb* v. *Guilford*, 4 Watts 223.

*Judgment for the defendant.*

CLARK, J., did not sit : the others concurred.