SMITH, J., did not sit: the others concurred.

---

## SMITH *v.* SMITH.

| 62 | 429 |
| 66 | 388 |

An assignment of dower and homestead by metes and bounds does not give
the assignee, in the rest of the land, an implied easement that is not
necessary for the enjoyment of the part assigned to her.

CASE, for obstructing a sewer running from the plaintiff's house
on her lot to the defendant's barn cellar on his adjoining lot. Ver-
dict for the plaintiff.   The plaintiff is the widow, and the defend-
ant is a son, of E. K. Smith, who formerly owned and occupied the
land which is now divided into the two lots.   The plaintiff's house
and the defendant's barn are 100 feet apart, and the dividing line is
35 feet from the barn.   At one time the sewer ran in a different
direction, and discharged at a different place.   When E. K. Smith
bought the land, he kept a large number of horses, cattle, and hogs
in the barn, and turned the sewer to the barn cellar for the pur-

pose of making compost to be used on his farm, and he made that use of it from 1860 until his death in 1877. In November, 1878, a committee set out to the plaintiff her dower and homestead by metes and bounds which included the house, and left the barn and farm for the children who are represented by the defendant. The report of the committee does not mention the sewer, does not in terms give her any right beyond the bounds of the lot assigned to her, and does not expressly assign to her any privileges or appurtenances belonging to that lot. The sewer was under ground. The defendant offered to show that the committee had no knowledge of its existence: the court excluded the evidence, and the defendant excepted.

The defendant had much less stock than his father had kept, and had much less material in the cellar to absorb the sewage. If it was not mixed with some absorbing substance, the sewage produced a stench that rendered the barn unfit for use. At a reasonable expense, a sewer could be built with an outlet at some other place. After the plaintiff's dower and homestead were set off, the defendant objected to the discharge of the sewer into his cellar; but the plaintiff claimed the right to use it where it was, and continued to use it until the defendant dug up and removed so much of it as was on his lot. The plaintiff then made a cesspool on her side of the line at a cost of from $33 to $35; and this alteration is satisfactory to the tenant who occupies her house. The cesspool was completed and used in a few days after the defendant dug up the sewer on his lot. Subject to the defendant's exception, the jury were instructed that the plaintiff had a legal right under the set-off to have the sewer discharged into the cellar. .

*J. L. Spring*, for the defendant, cited and commented upon *Johnson* v. *Jordan*, 2 Met. 234; *Thayer* v. *Payne*, 2 Cush. 332; *Carbrey* v. *Willis*, 7 Allen 364; *Randall* v. *McLaughlin*, 10 Allen 366; *Buss* v. *Dyer*, 125 Mass. 287; *Wheeldon* v. *Burrows*, L. R. 12 Ch. Div. 31; *Butterworth* v. *Crawford*, 46 N. Y. 349; *Dunklee* v. *Railroad*, 24 N. H. 489; *Pheysey* v. *Vicary*, 16 M. & W. 484; *Phillips* v. *Phillips*, 48 Pa. St. 178; *Penn. R. R.* v. *Jones*, 50 Pa. St. 424; *Morrison* v. *King*, 62 Ill. 30; *Elliott* v. *Rhett*, 5 Rich. 405; Wash. Ease. 572; *Grant* v. *Lathrop*, 23 N. H. 67, 81; *Gunnison* v. *Bancroft*, 11 Vt. 490.

*Bingham, Aldrich & Remich*, for the defendant, cited and commented upon some of the same cases, and *Doe* v. *Morrell*, Smith, N. H., 258 n.; 4 Am. L. Rev. 51, 60, 61; *Spaulding* v. *Abbot*, 55 N. H. 423; *Collier* v. *Pierce*, 7 Gray 18; *Grant* v. *Chase*, 17 Mass. 443; *Warren* v. *Blake*, 54 Me. 276; *Dolliff* v. *B. & M. R.*, 68 Me. 173; *Suffield* v. *Brown*, 4 De G. J. & S. Bank. 185; *Crossley* v. *Lightowler*, L. R. 2 Ch. 478; *Watts* v. *Kelson*, L. R. 6 Ch. 166; *Brakely* v. *Sharp*, 10 N. J. Eq. 206; *Ewart* v. *Cochrane*, 7 Jur. (N. S.) 925; .

*Hall* v. *Lund,* 1 H. & C. 676; 2 Wait Act. & Def. 675; Wash.
Ease. 74, 708; *Stein* v. *Hauck,* 56 Ind. 65; *Turner* v. *Thompson,*
58 Ga. 268; *O'Rorke* v. *Smith,* 11 R. I. 259; *Powell* v. *Sims,* 5
W. Va. 1; *Mullen* v. *Stricker,* 19 Ohio St. 135.

*Barnard & Barnard* (with whom was *C. A. Dole*), for the plain-
tiff, cited and commented upon many of the same cases, and *Kent* v.
*Waite,* 10 Pick. 138; Bac. Abr. (Grant) 1, 4; *Rackley* v. *Sprague,*
17 Me. 281; *Strickler* v. *Todd,* 10 Serg. & R. 63; *Perrin* v. *Gar-
field,* 37 Vt. 312; *Whitney* v. *Olney,* 3 Mason 280; *Alston* v. *Grant,*
3 E. & B. 128; *Fetters* v. *Humphreys,* 19 N. J. Eq. 471; *Runnels*
v. *Bullen,* 2 N. H. 532; *Richardson* v. *Palmer,* 38 N. H. 218;
*Thompson* v. *Banks,* 43 N. H. 540; *Pyer* v. *Carter,* 1 H. & N.
916; *Stevenson* v. *Wiggin,* 56 N. H. 313; *N. I. Co.* v. *Batchelder,*
3 N. H. 190; *Wood* v. *Saunders,* L. R. 10 Ch. 582; *Richards* v.
*Rose,* 9 Exch. 218; *Barney* v. *Leeds,* 54 N. H. 128; *Nutting* v.
*Herbert,* 35 N. H. 120, 126; *Doughty* v. *Little,* 61 N. H. 365.

STANLEY, J.   There was no implied assignment to the plaintiff
of an easement in the defendant's lot that would put him to the
alternative of abandoning his barn or becoming a manufacturer of
manure.   It is not and evidently cannot be found that the dis-
charge of her sewage into his cellar is necessary for her use of her
house. In some cases of reasonable easement not definitely located
by contract or otherwise, there may be a question whether, on a
bill in equity, each party can be compelled to bear a part of the
expense of an alteration required by a change in the ownership or
use of land. But here it does not appear that there is an easement.
It is not a matter of law that the division of this land gave the
plaintiff a right to have her sewage go into the defendant's lot, or
gave him a right to have it come.

*Verdict set aside.*

BLODGETT, J., did not sit: the others concurred.