SMITH v. BLANPIED.

*Smith* v. *Smith*, 62 N. H. 429, affirmed.

TRESPASS *qu. cl.* Verdict for the plaintiff. This plaintiff was the defendant in *Smith* v. *Smith*, 62 N. H. 429; and the sewer which ran-through his land to his barn cellar from the house on

the adjoining land of Mrs. Smith, and which he dug up August 1, 1881, is the subject of controversy in this case.   In the winter of 1880–'81 the sewer was stopped by frost at its lower end in the plaintiff's cellar, and he fastened plank against the outlet and covered it with earth.   July 29, 1881, the defendant, being Mrs. Smith's tenant, entered the plaintiff's cellar, and removed the obstruction from the outlet of the sewer; and this is the alleged trespass.

The jury were instructed as follows: " The liability of the defendant depends upon the question whether it was reasonably necessary, for the full enjoyment by Mrs. Smith of the premises set off to her as dower and homestead, that the drain should continue to discharge into the barn cellar.   In determining this question, you will take into consideration the convenience and benefit of the drain to the defendant, and the inconvenience and injury to the plaintiff.   Is it reasonable, under the circumstances as shown by the evidence, to require the plaintiff to receive the sewage into his cellar, or to require the defendant to provide some other mode for disposing of it?   Each party is entitled to the beneficial use of his property; but the plaintiff's premises are subject to the easement of this drain in favor of the defendant's premises, if it is reasonably necessary that the drain should continue to discharge into the cellar.   The purposes for which the property of each party is used, the amount of sewage, the extent or degree of its offensiveness and injuriousness, and the expense and labor required to take care of it after it is discharged into the cellar, or to provide some other receptacle for it without discharging it into the cellar, are some of the matters to be considered.   The settlement of this question also involves the inquiry whether or not a drain or receptacle can be conveniently made upon the defendant's land or without going upon the plaintiff's land, with reasonable labor and expense.   [If Mrs. Smith can conveniently furnish herself with a drain or receptacle, without going upon the plaintiff's land, with reasonable labor and expense, then it is not reasonably necessary to the enjoyment of her estate that she should discharge her drain into the plaintiff's cellar.] "   The defendant excepted to that part of the charge inclosed in brackets, and to the refusal of the court to charge that " The question whether the drain passed by the setoff, depends upon whether it was reasonably necessary for the enjoyment of the premises so set off, without regard to how it affects the remaining part of the estate."

*C. A. Dole* and *Barnard & Barnard*, for the defendant.

*J. L. Spring* and *Bingham, Aldrich & Remich*, for the plaintiff.

STANLEY, J.   Mrs. Smith had no unnecessary easement in the plaintiff's land.  *Smith* v. *Smith*, 62 N. H. 429.  As it was found by

experiment that a convenient cesspool could be constructed on her premises at a reasonable expense, a sewer easement on his lot was not necessary.   _Allen_ v. _Kincaid_, 11 Me. 155 ;. _Warren_ v. _Blake_, 54 Me. 287 ; _Dolliff_ v. _Railroad_, 68 Me. 173 ; _Johnson_ v. _Jordan_, 2 Met. 234 ; _Thayer_ v. _Payne_, 2 Cush. 327, 332 ; _Carbrey_ v. _Willis_, 7 Allen 364, 370 ; _Randall_ v. _McLaughlin_, 10 Allen 366 ; _Buss_ v. _Dyer_, 125 Mass. 287, 288, 289 ; Wash. Ease. 61 ; Godd. Ease. (Am. ed., 1880) 124.   If she could not have built a cesspool on any part of her grounds at a reasonable outlay, it would not follow that the owner of the plaintiff's lot would always be bound to receive the sewage from her house and bear the expense of disposing of it.   The former ownership of these lots by one person does not subject each lot to all the uses made of it, before the division, for the benefit of the other.   The fact that the former owner of both had poured his filth into his own land does not authorize Mrs. Smith to pour hers into the plaintiff's land.   Her right to an owner's use of the plaintiff's property is not shown.   The rights involved in this suit are what they would have been if the former owner had sold the house-lot to her, and at the same instant sold the barn-lot to the plaintiff, or the heirs had made the division by mutual conveyances.   A grant or reservation of a way or other easement is implied, not from a mere expense which a person of ordinary frugality would consider unreasonable, but from necessity. Were a sewer easement in the plaintiff's lot derivable from a right of Mrs. Smith to be burdened by no more than a reasonable expense of living in her house, it might not be easy to sustain the incumbrance if he offered to contribute enough to reduce her housekeeping expenses to a reasonable sum.   Whether a change of circumstances required a change of the sewer to be made at their joint expense,—whether he could be relieved from a nuisance by paying her the excess of the cost of a cesspool on her land beyond her reasonable share,—is a question that did not arise.   In this action, the committee who set off her dower and homestead are conclusively presumed to have known the law and all facts material to be known in the partition ; and the disposal of sewage, like the supply of water, light, and air, is one of the many elements of value presumed to have been considered in the appraisal of the property.   No error of law or of fact appears in that proceeding. If there had been a mistake in it, if could have been corrected, but not in this form of action.   There was no evidence on which the defendant could prevail.

_Judgment on the verdict._

SMITH and CARPENTER, JJ., did not sit: the others concurred.