POWERS *v.* HOLT, *Adm'r.*

62   625
72   192
72   196

In a bill in equity, under Gen. Laws, *c.* 198, *s.* 22, for the recovery of a claim against the estate of a deceased person, the question whether the claimant has been guilty of culpable neglect is a question of fact to be determined at the trial term.

CLARK, J. This is a bill in equity, under Gen. Laws, *c.* 198, *s.* 22, which is as follows: "Whenever any one has·a claim against the estate of a 'deceased person which has not been prosecuted within the time limited by law, he may apply to the supreme court by bill in equity, setting forth all the facts; and if the court shall be of the opinion that justice and equity require it, and that said claimant is not chargeable with culpable neglect in not bringing his suit within the time limited by law, they may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payments or compromises made before the commencement of such bill in equity." The bill alleges that on December 28, 1869, the firm of D. H. and J. B. Sumner & Company gave the plaintiff a note for $362.83, payable to him, or order, on demand, with interest annually; that David H. Sumner, of Hartland, Vt., now deceased, and James B. Sumner, then of Dalton, N. H., but now also deceased, were then members of the firm; that Benjamin H. Steele, of said Hartland, Vt., since deceased, was, on the first Tuesday of September, 1872, the lawful executor of the will of said David H. Sumner, deceased, for the states of New Hampshire and Vermont, and as such executor received money and other property belonging to the estate of said Sumner amounting in value to a much larger sum than all the claims and demands against said estate, including all costs and expenses of administration; that in consideration that the plaintiff would forbear to present his said note to the commissioners in insolvency, appointed in Vermont to allow claims against the estate of said David H. Sumner, said Steele, in his capacity as executor, promised to pay the same, and the plaintiff, relying upon this promise, forbore to present his note to the commissioners, and it was never presented to nor allowed by them, nor was it paid by said Steele in his lifetime; that, after the decease of said Steele, the defendant Holt, on July 30, 1873, was appointed, in Vermont, administrator, with the will annexed, of the estate of said Sumner not already administered, and was also appointed administrator *de bonis non* of said estate in New Hampshire, and as such administrator received money and other property more than sufficient for the payment of all debts and expenses of administration, and, on the first Tuesday of November, 1876, promised, as administrator, to pay said note to the plaintiff; that no commissioner in insolvency was ever appointed on the estate of said David H. Sumner within the state of New Hampshire; that the plaintiff is not chargeable with culpable neglect in not bringing his suit within the time limited by law, and that justice and equity require that a judgment for the amount of his claim shall be rendered against said Holt, as administrator, to be paid out of the funds of the estate of said David H. Sumner. The defendant demurred, because (1) if the allegations are true, the plaintiff had an adequate remedy at law. (2) No action was

commenced within three years after the original grant of adminis-
tration. (3) No sufficient reason is alleged for not bringing his
suit within the time limited by law; and (4) the plaintiff is
chargeable with culpable neglect.

As to the first and second causes of demurrer, equitable
relief is given by statute by excepting certain cases out of the
statute of limitations. The question of negligence is a question of
fact. Whether the plaintiff was guilty of culpable neglect in
relying upon the executor's promise to pay his claim, and omitting
to take the necessary legal steps for its enforcement against the
estate within the time limited by law, is a question of fact to be
determined at the trial term.

*Demurrer overruled.*

BLODGETT, J., did not sit: the others concurred.

*Ray, Drew & Jordan,* for the plaintiff.

*H. Holt,* for the defendant.