DeROCHEMONT *& a.* v. B. & M. RAILROAD.

A land-owner cannot have a right of way over his land independent of his title to the land, and an existing way is a part of the realty and passes by a conveyance of the land.

A grantor with covenants of warranty against incumbrances without reservation is estopped to maintain an action against his grantee for obstructing a way across the premises conveyed which he has covenanted does not exist.

CASE (1), for obstructing a navigable creek to the special damage of the plaintiffs; (2) for obstructing the plaintiffs' private way; (3) for not maintaining farm-crossings in suitable repair. The plaintiffs own a farm in Newington, bounded easterly by the Piscataqua river, a navigable stream, in which there is a daily ebb and flow of the ocean tide, and there is a creek extending westerly from the river into the farm, in which there was a like ebb and flow of the tide, till obstructed by the defendants, to and from a wharf thereon, making it navigable for gondolas and other small craft, and in which the plaintiffs had an unobstructed passage from their farm to and from the river, and used the same in shipping farm products and in obtaining farm and family supplies. Prior to 1877 the Dover & Portsmouth Railroad was chartered, located, and built across said farm and creek, bridging the creek so as to leave it navigable, though obstructed to some extent, and

was leased soon after its construction to the Eastern Railroad; and in 1883, under a lease of the Eastern Railroad and its leased lines to the defendants, the Portsmouth & Dover passed into the possession and management of the defendants, and has since remained so; and the defendants, in the summer and fall of 1885, removed the bridge over the creek, and made a fill or road-bed of gravel and rock across the creek, obstructing all navigation from the river to the farm wharf or farm through the creek, making a culvert in the fill sufficient only to allow water to pass.  For fifty years or more before the fill the owners of the farm had a drive- or cart-way from the house to the bank of the river, through the brick-yard, on either side of the creek, at high water mark, to gather the rock-weed that grew on the place and the sea-weed that lodged there, and haul it to the house to be used as a fertilizer on the farm.  The banks of the river aside from down the creek are abrupt, and so are the banks of the creek on the river side of the railroad, so that there was and is no other way to the shore, or so feasible a place to construct one.  The creek is about one hundred feet wide, and extends into the plaintiffs' land some four or five hundred feet, about two or three hundred feet of which are on the river side of the railroad.  The plaintiffs conveyed to the railroad by deed of warranty, dated March 15, 1873, acknowledged and recorded, the land on which the railroad is constructed across their farm, a plan of which is on the deed, and the deed contains the following agreement, and no other reservation : "And it is hereby agreed that the grantee shall build and maintain two grade farm-crossings across the land hereby conveyed and no more."  Evidence was given that two farm-crossings were constructed, and that they have been insufficient and out of repair since the defendants came in possession of the railroad, and now are.

*J. W. Emery*, for the plaintiffs.

*Frink & Batchelder*, for the defendants.

CLARK, J.  The plaintiffs claim damages for the defendants' obstruction, by their road-bed, of a water-way and drive-way between a part of their farm and the Piscataqua river, and for not maintaining farm-crossings in suitable repair.  The alleged neglect to keep the farm-crossings in suitable condition raises no question of law.

The land on which the railroad is constructed across the plaintiffs' farm was conveyed to the railroad by one of the plaintiffs by a deed of warranty March 15, 1873, by the following description: "A certain piece of land situated in said Newington being the same upon which said railroad has been located through my land and which is bounded and described as follows: Commencing at a stake in the central line of the easterly track of said railroad and

in the division line between myself and Stephen Paul and running across my land on said central line south forty-five east a distance of seventeen hundred and twelve feet to a stake in the division line between myself and Richard Pickering. Said strip being bounded by two lines at unequal distances from said centre line, as shown by the accompanying plan which forms part of this instrument, and containing three acres and sixty-two one hundredths of an acre. And it is hereby agreed that the grantee shall build and maintain two grade crossings across the land hereby conveyed, and no more." No mention is made of the creek or inlet where the alleged obstruction exists, and there is no reservation of a water-way over it or a drive-way by the side of it. The deed purports to convey all the right, title, and interest of the plaintiffs in the premises described by metes and bounds, with covenants of warranty against all incumbrances. If there is any question whether the railroad took a fee or only a right of way for the construction and operation of a railroad, it is immaterial to the determination of the questions raised in the case. Whatever interest passed by the deed was conveyed with covenants of warranty against incumbrances, and the construction of the railroad constitutes the obstruction complained of.

The plaintiffs claim that the ways which they allege are obstructed by the defendants' railroad have become annexed to the part of the farm retained by them, as a right or easement, by long use by the owners of the farm. A land-owner cannot have a right of way through his land independent of his right to the land. Ownership of the soil gives absolute dominion over it, and the right to appropriate every part of it to the owner's use. He may have a way over his land wherever he chooses, and may use it, vary it, and abandon it at his will, but such way is not a right or easement independent of the title to the land. *Barker* v. *Clark*, 4 N. H. 380; *Clark* v. *B. C. & M. Railroad*, 24 N. H. 114. As the land on which the railroad is built was a part of the farm until it was conveyed by the plaintiffs to the railroad corporation, no right of way could be acquired by use by the owners of the farm, and the alleged ways had no legal existence at the time of the conveyance. If a way in fact existed, it was a part of the realty, an incident to the land, and passed with it.

The plaintiffs do not claim a way of necessity, and if under any circumstances there could be a reservation of a way by implication, such implication is excluded by the express stipulation in the deed that the grantee "shall build and maintain two grade crossings across the land conveyed and no more."

A way, whether public or private, is an incumbrance upon land. *Prichard* v. *Atkinson*, 3 N. H. 335; *Haynes* v. *Stevens*, 11 N. H. 28. It is a legal obstruction to the exercise of that dominion over the land to which the lawful owner is entitled. *Kellogg* v. *Ingersoll*, 2 Mass. 101; *Blake* v. *Everett*, 1 Allen 248; *Wetherbee* v.

*Bennett*, 2 Allen 428; *Butler* v. *Gale*, 27 Vt. 742; *Hubbard* v. *Norton*, 10 Conn. 422. The plaintiffs having conveyed to the railroad with covenants of warranty against incumbrances are estopped to deny the truth of the covenants that the premises are free from any incumbrances except what are reserved in the deed, and consequently they are estopped to claim damages for the obstruction of a way which they have covenanted does not exist. *Wark* v. *Willard*, 13 N. H. 389, 395; *Gotham* v. *Gotham*, 55 N. H. 440; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 477, 478.

*Case discharged.*

BINGHAM, J., did not sit: the others concurred.