BATCHELDER *v.* STATE CAPITAL BANK.

When land is conveyed by deed, an easement of convenience merely in other land of the grantor does not pass by implication.

A grant of a right to use land of the grantor as a passway so long as the same shall be used by the grantor as a passway expires when the grantor ceases to use the land for that purpose, and no notice to the grantee is necessary to terminate the easement.

CASE, for obstructing the plaintiff's way. Trial by the court. The defendants' land, upon which stands their bank block, lies upon the westerly side of Main street in Concord, and extends westerly on Warren street to the plaintiff's land, upon which is a block containing two stores fronting on Warren street. West of the defendants' building is a strip of land eleven feet in width, bounded on its westerly line by the plaintiff's block, and closed by a fastened gate between the buildings of the parties on Warren street. The

plaintiff has access to his stores from the front on Warren street, and from the westerly side of his block through a passway there. On the easterly side of the plaintiff's store, towards the northerly end, are two doors opening into the block, and a little further to the south two windows opening into the cellar beneath. There is no opening or passage between the cellars of the plaintiff's two stores, and he claims the right to use the defendants' eleven feet as a passway on that side of his store for the purpose of unloading coal and other heavy materials to go into the cellar of his eastern-most store. This right the defendants deny.

On the 27th day of April, 1874, the defendants then owning the whole tract, conveyed to Lorenzo D. Brown the lot on which the plaintiff's building now stands, west of the eleven-foot passway. The defendants in that deed conveyed " also the right to use in common with others as a passway the land lying between said City Bank [now the defendants' bank building] and the land conveyed by this deed, so long as the same shall be used by the said bank as a passage-way and said City Block [bank building] shall remain where it is now situated."

In 1878 the north end of the passway was closed by a building erected by Stevens & Duncklee, the owners of the adjoining lot. At the same time the defendants erected a gate across the passway at the Warren street end, and secured it by a lock, leaving an open court between the building of the plaintiff and the defendants, obstructed by Stevens & Duncklee's building at the north end and the gate at the south end. Brown died in 1886, leaving by will his property to his widow, who, in 1888, conveyed this land and appurtenances to the plaintiff. The plaintiff's block was built, and the doors on the easterly side and the two windows opening into the basement were placed there, in 1874, when the land between the two buildings was used as a passway by the owners. Up to 1878 the land in question was used as a passway by the owners and tenants of the two blocks and by Stevens & Duncklee without objection. Since that time it has been closed by Stevens & Duncklee's building on the parties' north line, and by the gate on the south at Warren street, and no use has been made of it as a passway for anybody going north of the parties' north line. The gate at Warren street has been kept locked, and the key kept in the defendants' bank building. No use has been made of the eleven-foot space between the buildings by the plaintiff or his grantors as a passway, except by the special permission and consent of the owners, the defendants, since 1878. Nor have the defendants, in the same time, used that space as a passway, within the meaning of the term as used in their deed of April 27, 1884, to Brown. It was the defendants' intention to close this space against any use for the purpose of passing or repassing.

The plaintiff claims nominal damages. The court will order such judgment as the facts warrant.

*R. E. Walker* and *W. L. Foster*, for the plaintiff.

*Chase & Streeter*, for the defendants.

CLARK, J.   The plaintiff's right to the use of a passway was the right conveyed by the deed of April 27, 1874, from the bank to L. D. Brown, " to use in common with others as a passway the land lying between said City Bank [the defendants' bank building] and the land conveyed by this deed so long as the same shall be used by the said bank as a passage-way and said City Block [bank building] shall remain where it is now situated."   The parties having defined the extent of the right, it cannot be enlarged by implication.   *Warden* v. *Balch*, 59 N. H. 468.   The right to use the land as a passway so long as the bank should use it for that purpose ceased when the bank ceased to use it.   The fact is found that the bank closed the passway in 1878, and it has not been used as a passway since that time.   The plaintiff's right terminated when the bank closed the passway.

The plaintiff contends that the right to use the passway would have passed to Brown as appurtenant to the land conveyed to him by the bank if it had not been mentioned in the deed, and therefore that the right to terminate the plaintiff's interest in the passway was a reservation—a reserved right to use the land for some other purpose—and that the plaintiff's right to use the passway would continue so long as the bank did not use it for any other useful purpose, and until the bank had notified him that they had ceased to use the land as a passway.   This claim is not warranted by the facts.   At the time of the conveyance by the bank to Brown there was no building on the land conveyed: every part of it was accessible from the public highway, and no circumstances existed which would give Brown a right to use the passway as a way of necessity.   After the plaintiff's block was built by Brown, the use of the passway was a matter of convenience and not of necessity.   An easement of convenience merely does not pass by implication.   *Wentworth* v. *Philpot*, 60 N. H. 193; *Smith* v. *Smith*, 62 N. H. 429; *Smith* v. *Blanpied*, 62 N. H. 652.

The stipulation in the deed was a grant of a conditional use of the passway, and the plaintiff's right to its use ceased when the bank ceased to use it.   The bank are not claiming damages or attempting to enforce a liability against the plaintiff.   The plaintiff is bound to know the extent of his right.   To maintain his right to use the land as a passway, he must show that the bank are using it for that purpose, and no notice that the bank had ceased to use it was required to terminate his right.   *Hicks* v. *Burns*, 38 N. H. 141, 147, 151.

*Judgment for the defendants.*

ALLEN, J., did not sit: the others concurred.