Rockingham, ⎱
Oct. 1, 1912. ⎰

### SANDFORD *v.* BOSS & *a.*

A deed of a tract of land occupied by a paint shop, together with a right of way over an adjoining lot, does not entitle the grantee to maintain in the passageway a rack long used for the storage of ladders and convenient for that purpose, but not essential or reasonably necessary to the beneficial enjoyment of the granted premises.

Where a deed of land and buildings expressly confers the right to maintain over an adjoining passageway certain projections shown upon a plan to which reference is made, the omission from the plan of a temporary structure existing in the passageway is evidence that a grant for its permanent maintenance was not intended.

TRESPASS *quare clausum.* Trial by the court and verdict for the plaintiff. Facts found, and case transferred from the October term, 1911, of the superior court, by *Wallace*, C. J.

Prior to 1905, Charles H. Mendum owned a lot of land situated on the north side of Daniel street in Portsmouth, on which stood two buildings with a passageway between them. March 31, 1905, Mendum's administrator conveyed the westerly portion to the

defendant Boss, by a deed in which the granted premises were described as follows: "A certain lot of land with the buildings thereon, situate on Daniel street in said Portsmouth, bounded and described as follows: Beginning on the north side of Daniel street at land of John J. Pickering estate and others, thence running northerly twenty-four feet; thence easterly three feet six inches; thence northerly by said Pickering estate eighty-one feet eight inches, to land of National Mechanics & Traders Bank; thence easterly by said bank's land twenty-one feet and one inch, to other land of said C. H. Mendum estate; thence southerly by land of estate of C. H. Mendum twenty-seven feet eight inches; thence westerly by said Mendum estate five and seven tenths feet; thence southerly by said Mendum estate seventy-two feet to Daniel street; thence westerly by Daniel street twenty-seven feet six inches, to point begun at. Together with the use of a right of way on the easterly side of the lot herein conveyed, as it now exists, subject to projections on the buildings in the right of way as shown on plan made by L. K. Scruton, dated March 25, 1905." By deeds of later date, the administrator conveyed the remainder of the premises to the plaintiff.

At the time of the conveyance to Boss and for many years prior thereto, the buildings conveyed had been used as a paint shop and have been since so used. In the passageway on the east side of the building nearest the street, there was a ladder-rack built of joists. The rack was thirty-five feet long, two feet ten inches wide, and seven feet high, and was roofed over. This projection was nailed to the side of the building, the uprights which formed a part of the frame being set in the ground. The rack was open at the ends and sides, and for many years has been used to store the ladders which the tenants of the paint shop used in their business. Such use was very convenient for one using the buildings for a paint shop, as there is no place on the premises to store ladders; but it is not indispensable, nor necessary to the enjoyment of the granted premises. The passageway is used for access to buildings in the rear both of the paint shop and the easterly buildings on the street, and the ladder-rack somewhat impedes this use. Over two doors in the easterly building are hoods which project into the passageway, but do not extend to the ground. These are shown upon the plan referred to in the deed to Boss. There is nothing on the plan indicating the existence of the ladder-rack. The land covered by the rack is not within the bounds set forth in the deed to Boss.

The court ruled that no title to the land occupied by the ladder-rack was conveyed to Boss, and that he had no right to have or maintain the rack in the passageway.  The defendants excepted to this ruling and the verdict founded thereon.

*John W. Kelley*, for the plaintiff.

*William E. Marvin* and *Page, Bartlett & Mitchell (Mr. Mitchell* orally), for the defendants.

PARSONS, C. J.  The deed under which the defendants claim does not convey to Boss a paint shop in terms, but describes a tract of land by metes and bounds which do not include the land on which the ladder-rack stands.  But the defendants claim a right to maintain the ladder-rack because the maintenance of such a contrivance, upon the spot where this one is, is essential and reasonably necessary to the enjoyment of the premises conveyed.  Counsel do not appear to differ as to the law.  The defendants cite *Riddle* v. *Littlefield*, 53 N. H. 503, *Winchester* v. *Hees*, 35 N. H. 43, *Dunklee* v. *Railroad*, 24 N. H. 489, *Cocheco Mfg. Co.* v. *Whittier*, 10 N. H. 305, and *New Ipswich Factory* v. *Batchelder*, 3 N. H. 190, to which may be added *Horne* v. *Hutchins*, 71 N. H. 117, 123, 124.  The plaintiff does not controvert the rule of these authorities, but says that an easement cannot pass by implication merely upon the ground of convenience, citing *Batchelder* v. *Bank*, 66 N. H. 386, *Smith* v. *Blanpied*, 62 N. H. 625, *Smith* v. *Smith*, 62 N. H. 429, and *Wentworth* v. *Philpot*, 60 N. H. 193.  This proposition the defendants do not deny, but claim that the conclusion of the trial court that the ladder-rack was not indispensable, nor necessary to the enjoyment of the granted premises, but merely very convenient for one using them as a paint shop, is erroneous.

Upon the authorities therefore, as the parties have placed their case, the only question is whether the maintenance of a ladder-rack in the passageway was essential and reasonably necessary to the enjoyment of the granted premises.  If this question is one of fact (see *Winchester* v. *Hees*, 35 N. H. 43, 48), the defendants are concluded by the finding of the trial court, for there was some evidence in its support.  But assuming (without deciding) that the question is open here, no different result can be reached.  Although the deed does not convey a paint shop in terms, it might be found from the fact of long use that the tract conveyed was sold to be used as a

paint shop. A ladder-rack is understood to be a contrivance for
storing ladders when not in use. If, for carrying on the work in a
paint shop, ladders were necessary to such an extent that the work
could not be carried on without them, so that they must be kept
at hand ready for use in the shop when required, it might be found
that some place on or adjoining the premises was essential to the
use of the tract conveyed as a paint shop. It is common knowl-
edge, however, that painters do not use ladders in connection with
work done in a shop, but to enable them to do work outside and
away from the shop—to reach the elevated portions of other build-
ings. Ladders are necessary to the trade of a house painter, and
consequently a place to store them when not in use may be essential.
A building or shop in which to store supplies and to paint such ob-
jects as can conveniently be brought thereto may also be neces-
sary. But as the ladders are not used for the work in the shop,
it is not necessary that they be stored in or near it. It may be more
convenient to have all tools of the trade kept proximately in the
same place, but it is not necessary. Local conditions might make
some other location more convenient for the storage of the ladders.
But it is plainly not essential nor reasonably necessary that all the
tools of a house painter's trade be kept together; and as ladders
are not used in the proposed enjoyment of the premises conveyed,
it cannot be said that their storage in or near the premises is nec-
essary to the beneficial enjoyment thereof which the law presumes
the grantor intended the grantee should have. *Horne* v. *Hutch-
ins*, 71 N. H. 117, 124. It is not to be presumed that there is no
other tract of land in Portsmouth upon which a ladder-rack may
be erected.

The case is very similar to *Cocheco Mfg. Co.* v. *Whittier*, cited by
the defendants. There, in a grant of certain lands and water privi-
leges, the defendant reserved to himself the right to draw from a
pond on the premises so much water as might be necessary to full
such quantity of cloth as he might have occasion for and claimed
that the reservation implied a right to build a mill on the tract to
so use the water reserved. But as it appeared that there were other
lands adjoining upon which the mill might be erected and the water
used, the reservation did not authorize the defendant grantor to
erect a mill upon the tract conveyed, although he was not then an
owner of the adjoining land. The court say: "It is not a matter
of necessity, in order to the use of the water reserved, that he should
occupy the land granted, with a mill, although it may be a matter

of convenience." The defendants can enjoy the use of the tract conveyed without storing their ladders in the adjoining passageway; hence there is no necessary implication of a right to so use the passage.

But the construction of this deed is not to be determined by the application of arbitrary rules, but by ascertaining the true meaning and real intention of the parties. *Dunklee* v. *Railroad*, 24 N. H. 489, 507. As expressed in later cases, the meaning of the parties is to be ascertained from all the competent evidence, which includes the circumstances under which the language was used as well as the words themselves. The entire tract had been owned by one Mendum for some years. There were buildings on each end, with a common passageway between them extending back from the street. The sale was by an administrator. The deed refers to a plan dated shortly before the deed. Comparison of the deed with the plan shows that it probably was written from the plan. The dimensions given of the tract conveyed embrace only the land under the easterly building. A right of way is given in the passageway, subject however to the incumbrance of two projecting hoods over doors in the westerly building, which did not, however, come to the ground and would not, it would seem, have been a material obstruction of the right of passage conveyed. These hoods appear upon the plan. The ladder-rack does not, although it obstructs the use of the way and its maintenance has diminished the rental value of tenements in the easterly building. The absence of the rack from the plan has some tendency to show that it was regarded as a temporary structure. Its obstruction of the way and damaging effect upon the rental value of the easterly buildings are reasons why it might not have been thought wise to grant a right for its permanent maintenance. At any event, it seems clear that the deed was made to convey the premises as shown by the plan; and it seems probable that if any easement in the way, other than that specifically granted, had been intended should pass by the deed, specific enumeration would have been made in so carefully drawn a document. This must be so unless by mistake the ladder-rack was omitted from the plan, and the mistake followed in drafting the deed. Advantage, however, cannot be taken of the mistake, if there was one, except in a proceeding to reform the deed.

*Exceptions overruled.*

All concurred.