Grafton,
May 4, 1920.

### LAWRENCE W. GOUDIE *v*. ELIZABETH FISHER.

An easement cannot pass by implication merely upon the ground of convenience.
A landowner cannot have an easement in his own land.
Only existing easements pass as appurtenant to the land conveyed.

TRESPASS, *quare clausum*. Plea, general issue, and special plea of right of way appurtenant to the defendant's premises.

Trial by jury. At the close of the evidence the court directed a verdict for the plaintiff, subject to the defendant's exception. Transferred from the May term, 1919, of the superior court, by *Branch, J*.

One Moulton owned a lot of land in Lisbon on the northerly side of Atwood street. There was upon the front of this lot a house and back of it a paint shop. October 6, 1913, Moulton deeded to the defendant a portion of this land. The lot conveyed had a frontage on the street of seventy-five feet, and extended back sixty feet. The deed to the defendant contained the following reservation: "I hereby reserve the right of way to the paint shop in the rear of the building above described." The house which was upon the land conveyed to the defendant had two tenements. The upper tenement on the street level had been occupied, at the time of the conveyance, by the defendant as a tenant some fifteen years. The other tenement which Moulton rented, was in the basement, and faced the rear of the lot. December, 1918, Moulton conveyed the balance of the lot to the plaintiff. The easterly and northerly sides of the defendant's land were contiguous to the plaintiff's lot.

Moulton in his deed to the plaintiff included the right of way he reserved in his deed to the defendant. This right of way began at the highway, and crossed the southeasterly corner of the land conveyed to the defendant. There was a driveway running from the paint shop by the easterly side of the land deeded to the defendant, and to the highway over the reserved right of way across the southeasterly corner of the defendant's land. This driveway was at the time of the conveyance to the defendant the only approach for heavy teams to the basement tenement, and the defendant's evidence tended to show that it was the only approach to the basement and land in the rear of her buildings. It has been so used for twenty years or more, and was a well-defined way.

The plaintiff erected posts on the easterly side of the defendant's lot, and thereby obstructed the way to the basement tenement as

theretofore used. The defendant caused the posts that obstructed the way to be cut, which is the trespass complained of.

*Drew, Shurtleff, Morris & Oakes* and *George W. Pike* (*Mr. Oakes* orally), for the plaintiff.

*Fred S. Wright* and *Owen & Veazey* (*Mr. Wright* orally), for the defendant.

PLUMMER, J. The defendant seeks to sustain her exception upon the ground that she had a right of way over the plaintiff's land by necessity, and also that the driveway was an easement appurtenant to the land she purchased, and passed to her with the deed of the land. The defendant had no right of way over the plaintiff's land by necessity. The entire front of her land was on Atwood street, and was, therefore, accessible from the street.

The case states that the driveway to the paint shop was, at the time of the conveyance to the defendant, the only approach for heavy teams to the basement tenement, and the defendant's evidence tended to prove that it was the only approach to the basement and land in the rear of her building. This must simply mean that there was no driveway constructed over the defendant's land to the basement tenement. Between the westerly side of the defendant's house and her westerly boundary line was a space of from eighteen to twenty feet, and in the rear of her house she had twenty to twenty-six feet. The defendant had ample land upon which to construct a driveway to her basement tenement. The plaintiff testified that the expense of constructing such a driveway would be forty dollars. The defendant's evidence was that it could not be done for that sum. At all events the jury must have found that the expense of constructing the driveway would not be so great and insuperable as to render its construction impractical and unreasonable, to the extent that the defendant would be entitled to a right of way over the plaintiff's land by implication upon the ground of reasonable necessity. It would, undoubtedly, be convenient for the defendant to use the driveway over the plaintiff's land as she did when Moulton owned it. But "an easement cannot pass by implication merely upon the ground of convenience." *Sandford* v. *Boss*, 76 N. H. 476, 478; *Batchelder* v. *Bank*, 66 N. H. 386; *Smith* v. *Blanpied*, 62 N. H. 652; *Wentworth* v. *Philpot*, 60 N. H. 193.

The defendant's position that the driveway was an easement ap-

purtenant to her land, and passed to her with the deed of the land, cannot be sustained. Moulton, the common grantor of these parties, used this driveway to go to the paint shop in the rear of his lot, and also permitted his tenants in the house now owned by the defendant to use it, and it was so used for many years. It was his privilege to have a way over his land wherever he might desire, and to continue it so long as he saw fit. But this would not impose an easement upon the land independent of his title thereto. "A man cannot have a right of way through his own land, independent of his right to the land." *Barker* v. *Clark*, 4 N. H. 380; *Clark* v. *Railroad*, 24 N. H. 114, 118; *DeRochemont* v. *Railroad*, 64 N. H. 500.

The way claimed by the defendant was not an easement appurtenant to the land transferred to her, and hence did not pass with the deed of the land, as "only existing easements pass as appurtenant to the land conveyed." *Cox* v. *Leviston*, 63 N. H. 283.

It could not be found that the right of way claimed by the defendant passed to her by implication upon the ground that when the deed was made to the defendant it must have been understood that the right of way was intended to be included in the conveyance. The conduct of the parties negatives such an understanding. When the deed was made Moulton, presumably that he might use his driveway from the paint shop to the highway as it had been previously used, reserved a right of way across the southeasterly corner of the land conveyed to the defendant. In view of this reservation of a right of way by Moulton, if it had been the understanding that the defendant was to have a right of way over Moulton's land, it would, undoubtedly, have been so stated in the deed.

*Exception overruled.*

PEASLEE, J., was absent: the others concurred.