Strafford,
May 7, 1929.

FARMINGTON LIBRARY ASSOCIATION *v.* CHARLES A. TRAFTON.

*Burt R. Cooper* and *Gardner S. Hall* (*Mr. Hall* orally), for the plaintiff.

*Conrad E. Snow* (by brief and orally), for the defendant.

ALLEN, J.   The plaintiff claims that the easement is appurtenant to its land, while the defendant would limit it to the building which stood on the land so that the loss or removal of the building meant a termination of the easement.  Whether a new building erected on the same site as that of the building burned would have had the benefit of the easement need not be decided.

The northerly wall of the library building is about eleven feet distant from the way in its course on the northerly side of the middle street lot, and the building is intended as a permanent structure. The way granted was only five feet in width, and travel except by pedestrians or with vehicles of narrow width was therefore excluded. When a land width of eleven feet between the building and way was established, not only, as found, was the way unnecessary for the use

of the library building, but it was not necessary for the use of all or any part of the land conveyed by the deed in which the easement was first established. By the deed it was to be used for passing and repassing when necessary, and unnecessary use was not granted. "The plaintiff acquired by his deed no other . . . right than that expressly described." *Warden* v. *Balch*, 59 N. H. 468, 469. "An easement of convenience merely does not pass by implication." *Batchelder* v. *Bank*, 66 N. H. 386, 388.

While necessary use is of reasonable and not strict requirements, a finding that the use of the way as a way is in any manner needed for the benefit of the land could not be sustained. A way appurtenant to land cannot be extended to be appurtenant to other land except by grant or prescription (*French* v. *Marstin*, 24 N. H. 440, 449; s. c., 32 N. H. 316, 328; *Abbott* v. *Butler*, 59 N. H. 317), and as the library building extends back upon land not conveyed by the deed granting the way, the way would necessarily be limited in use for the benefit of the eleven foot strip between the building and the way, in view of the finding that it is not needed in the use of the building. Since the strip is reasonably accessible without the way, the present requirement of the way as appurtenant to it wholly fails.

The easement is not to be construed as a permanent one subject to suspension while there is no occasion for its exercise and if the suspension is prospectively more than temporary. It was intended that the easement should last only while it was needed, and not as long as there might be a possibility of its future need. There being no reasonable likelihood of further need of the easement, it is not probable that the parties in the language used in creating the easement contemplated the grant to provide for such need. The situation as it was at the time was the important thing. The need which the situation created ceased when the situation underwent radical and lasting change. The grant was only of a needed way, and the parties were dealing with an existing need. As a practical matter it is not to be assumed that they had in mind a possible future need after conditions had materially changed, and the language used does not require such an assumption.

There is no conduct of the parties in practical construction of any broader or longer right. Until the fire in 1910 no other use of the way was made, and the use from 1920 to 1928 by a tenant shows no acknowledgment by the defendant of its propriety. Since unauthorized use must run for the prescriptive period of twenty years to establish a right, mere inaction by the owner of the fee for less than

the period is no evidence of admission of a rightful use. Such inaction is indicative of indifference to a temporary invasion of one's right as much as of recognition of the other party's claim of right.

*Bill dismissed.*

SNOW, J., did not sit: the others concurred.