Hillsborough, } No. 3813.
May 3, 1949. }

JOHN W. McLANE & a. v. C. H. ROBINSON Co.

448

*Warren, Wilson, Wiggin & Sundeen (Mr. Wiggin* orally), for the plaintiffs.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Alvah Sulloway* orally), for the defendant.

KENISON, J. The issue in this case is whether there is evidence to support the conclusion of the Trial Court that there was no material mutual mistake as to the width of the passageway conveyed. There

is no claim nor evidence to support any claim of fraud and misrepresentation (*Morgan* v. *Morgan*, 94 N. H. 116) or duress and undue influence (*Webber* v. *Phipps, ante,* 1) or even a mistake by the plaintiffs innocently induced by the defendant (*Rickle* v. *Mills*, 93 N. H. 191). It is therefore unnecessary to consider the conditions under which equity will grant relief for an unilateral mistake. *Carignan* v. *Company, ante,* 262, 265; 3 Pomeroy, Equity Jurisprudence (5th *ed.*) *s.* 870a; Restatement, Contracts, *s.* 505. It is plaintiffs' sole claim that the use of the words "fifty foot passageway" by the parties and the attorney who prepared the deeds was a mutual mistake, it being the intention of the parties at the time of the conveyance to convey and receive only the use of an existing unobstructed passageway approximately twenty-five to twenty-nine feet in width.

In support of its argument that the Court's decree dismissing the bill in equity is contrary to the evidence, the plaintiffs point to the fact that the defendant has used the passageway for thirteen years at considerable inconvenience without protest to anyone as to the obstructions thereon. While this affects the weight of the defendant's evidence that the parties intended a fifty foot passageway, it does not follow as a matter of law that a passageway of lesser width was so intended by the parties. It could be found that defendant's failure to use the obstructed portion of the passageway "is indicative of indifference to a temporary invasion of one's right as much as of recognition of the other party's claim of right." *Farmington Library Ass'n* v. *Trafton,* 84 N. H. 29, 32. Unlike the situation in *Hogan* v. *Lebel, ante,* 95, there is no ambiguity in the description of a right of way as expressed in the deed and the findings of the Trial Court being sustained by the evidence must stand. *Chabot* v. *Shiner, ante,* 252.

It is finally suggested that if this decree is affirmed, reformation for mutual mistake will be withheld merely because the defendant denies the claim of mutuality of mistake. Fortunately this is not true as *Hould* v. *Company,* 83 N. H. 474, conclusively demonstrates.

*Exceptions overruled.*

All concurred.