SAWYER *v.* BANFIELD.                { MARCH 11, 1875,

A testator gave a trust-fund in the following words : "I give and bequeath to Joseph B. Wiggin, brother of my wife, nine thousand dollars, in trust for her, safely to keep, use, and dispose of for the benefit of my said wife according to the best of his discretion as her trustee." *Held*, that the gift was absolute to her, and that the residuary legatees under the will, and heirs at law of the testator, were not entitled to notice of a hearing for the appointment of a new trustee in probate court, the original trustee having deceased.

BILL IN EQUITY, by Luther D. Sawyer, executor of the last will and testament of John L. Hanson.  The defendants are Ira Banfield, claiming as trustee, and the representatives of the residuary legatees under the will.

The will contained the following clauses, viz.: " I give and bequeath to Joseph B. Wiggin, of Wakefield, brother of my wife, nine thousand dollars, in trust for her, safely to keep, use, and dispose of for the benefit of my said wife according to the best of his discretion as her trustee."  Also a general residuary clause.

Said Wiggin accepted his trust, and acted as trustee until his death in April, 1873, without settling any account.  After his decease said Banfield was appointed trustee in his stead, without notice by publication or otherwise to any of the residuary legatees or heirs at law.  The *cestui que trust* does not object.  The residuary legatees claim that in the event of the death of the *cestui que trust* before all the funds in the trustee's hands shall have been expended under the provisions of the will, any sum remaining will pass to them under said residuary clause, or as the heirs at law of said John L. Hanson, and that the plaintiff ought not to pay over to said Banfield the funds in his hands or any part thereof.  Said Banfield, insisting that the residuary legatees or heirs at law have not and never can have any interest in any residue of said trust-fund which may remain after the decease of the *cestui que trust*, and were not entitled to any notice or hearing upon

the question of his appointment, demands that the plaintiff shall pay to him the whole of the trust-fund now remaining.

The bill prays that the court will, in aid of his trust, determine and direct whether or not the plaintiff shall pay over said trust-fund to said Banfield at this or any future time, without his having first given notice to the residuary legatees, heirs at law, and others interested, of a hearing upon the question of his appointment, and for such further aid and direction as may be just and proper.

*Sawyer*, for the plaintiff.

*Fox, B. C. Carter*, and *F. Hobbs*, for Ira Banfield and Eliza W. Hanson.

*S. B. Carter*, for the heirs of the residuary legatees.

CUSHING, C. J. The clause under consideration contains nothing which would indicate any intention on the part of the testator that any interest in this bequest should pass to his residuary legatees or heirs-at-law. On the contrary, it is distinct and positive in giving the whole to the trustee for his wife without any reservation. Indeed, if he had ever had any experience or observation in such matters, the last thing he would be likely to do would be to have his trustee liable to be called to account and to be intermeddled with by the interest or avarice of legatees, some of whom might grudge every dollar which was used for the benefit of the object of his bounty.

There is a class of cases in which clauses of this kind not unfrequently have to be interpreted. I refer to those cases in which the testator is endeavoring to secure the fund for the benefit of his legatee, in such way that creditors cannot have the benefit of it, by interposing the discretion of a trustee. The action of *Stebbins* v. *Milliken & Tr.*, pending at January trial term, Sullivan county, 1871, was one of that class. The trustee's disclosure showed a fund in his hands given by will in substantially the same terms as those in the will under consideration. The matter was referred to the decision of Judge BELLOWS, was carefully discussed by counsel, and made the subject of a written opinion delivered in August to the counsel. He held that as there was no disposition over of anything which might be left on the death of the legatee, the gift was absolute to him. He further held that the court would determine the discretion of the trustee in favor of the payment of the legatee's debt. This case is in point to show that the gift, being without any remainder over, is absolutely vested in the legatee. *Green* v. *Spicer*, 1 Russ. & M. 395; *Piercy* v. *Roberts*, 1 Myl. & K. 4; *Snowdon* v. *Dales*, 6 Sim. 524.

If these views are correct, the residuary legatees and heirs at law of the testator have no interest, and therefore are not entitled to notice. The trustee, being duly appointed and qualified by giving such bonds as are required by the judge of probate, will be entitled to receive the fund.

LADD, J.  I am of the same opinion.  An examination of the will of John L. Hanson shows, as I think, that the only person interested in the trust-fund is his widow, Eliza W. Hanson.  She had notice of the appointment of Banfield as trustee, in place of Wiggin, deceased, and does not now object.  This answers the requirement of the statute, and the administrator should pay over the fund to the trustee.

SMITH, J.  The devise to Wiggin was in trust for the benefit of Mrs. Eliza W. Hanson, to keep, use, and dispose of according to the best of his discretion.  It is not a devise of the income or of some definite part for her benefit with remainder over to some third person; but the trustee can dispose of the whole principal sum, if that be necessary, for her benefit, during her life.  Whatever sum may be left at her decease goes to her heirs, and not to the residuary legatees named in the will.

None of the defendants, except Mrs. Hanson, have, therefore, any pecuniary interest in the fund in the trustee's hands, and were not entitled to notice of the appointment of Banfield as trustee in the place of Wiggin, deceased.  By Gen. Stats., ch. 186, sec. 5, it is provided that, upon the death of a trustee appointed by will, a trustee may be appointed by the probate judge in his stead, after notice to the persons interested in the trust-estate.  Banfield having been appointed without notice, and the *cestui que trust*, Mrs. Hanson, not objecting that notice was not given, and the other defendants having no interest in the fund and therefore not entitled to notice, she must be regarded as having waived notice, and the appointment of Banfield must be regarded as valid.  Want of notice to the party renders the proceedings voidable by parties injured, not void as to everybody.  *Kimball* v. *Fisk*, 39 N. H. 110.  He must, of course, give bond with sureties to the satisfaction of the court, and must settle yearly accounts, and is liable for mal-administration of the trust-fund, and to be removed upon proper cause shown.

Upon the facts as they now appear, he is entitled to receive from the administrator of his predecessor, Wiggin, the balance of the fund in his hands, and to hold the same for the purposes of said trust.

*Decree accordingly.*