### COX *v.* LEVISTON & a.

A parol license by the grantor to the grantee of land for the use of a way along the margin thereof over other land of the grantor, does not create a right in the grantee which will fix a servitude upon the adjoining land after it has passed to a purchaser who had no notice of the supposed right.

A defendant in equity may have affirmative relief upon an answer in the nature of a cross bill, setting out facts which show that he is entitled to the relief sought.

BILL IN EQUITY, for an injunction to restrain the defendants from obstructing the plaintiff's way. Facts found by the court.

The plaintiff and the defendants own adjoining house-lots in Lebanon, the title of both being derived through mesne conveyances from Daniel Taylor, trustee of the Church Family of Shakers. The controversy is as to their respective rights in a passage-way over the defendants' land along the division line. There was evidence tending to show that the original grantors of the plaintiff, by their trustee and agent, Caleb M. Dyer, assented by parol to the existence of the way, and the right claimed by the plaintiff, and of a use of the way by the plaintiff and his grantors for more than twenty years under such license. The defendants in their answer

denied the plaintiff's right of way, alleged that the plaintiff was encroaching upon their premises, and prayed for a decree establishing the line between the plaintiff's premises and theirs; and for an order that the obstructions on their land, caused by the plaintiff, be removed.

*W. L. Foster, J. M. Shirley*, and *F. D. Currier*, for the plaintiff, cited and commented on *Trustees* v. *Lynch*, 70 N. Y. 440, 447; *Tallmadge* v. *East River Bank*, 26 N. Y. 105; *Hills* v. *Miller*, 3 Paige Ch. 254; *Barrow* v. *Richard*, 8 Paige Ch. 351; *Phœnix Ins. Co.* v. *Continental Ins. Co.*, 87 N. Y. 400, 408; 2 Sto. Eq. Jur., ss. 926, 927; *Story* v. *N. Y. Elevated Railroad Co.*, 90 N. Y. 122; *Walker* v. *Manchester*, 58 N. H. 438, 441; *Huber* v. *Gazley*, 18 Ohio 18, 24; *Transue* v. *Sell, Sup. Ct. Penn.*, March 1884, 18 Rep. 153; *Wyman* v. *Mayor of New York*, 11 Wend. 487; *Trustees* v. *Cowen*, 5 Paige Ch. 510; *Musgrave* v. *Sherwood*, 23 Hun 669, 683; *Hubbell* v. *Warren*, 8 Allen 173, 178, 180; *Roberts* v. *Levy*, 3 Abb. Prac. (N. S.) 311, 314, 315; 1 White & Tudor Lead. Cas. Eq. 719–746; *Cincinnati* v. *White*, 6 Pet. 431; *Somersetshire Coal Canal Co.* v. *Harcourt*, 2 De G. & J. 596, 607, 608; *Rochdale Canal Co.* v. *King*, 16 Beav. 630, 633, 634; *Beaufort* v. *Patrick*, 17 Beav. 60, 74, 75; *Mold* v. *Wheatcroft*, 27 Beav. 510, 516, 517; *Devonshire* v. *Eglin*, 14 Beav. 530; *Powell* v. *Thomas*, 6 Hare 300; *Williams* v. *Earl of Jersey*, Craig & Ph. 91, 96–98; *Child* v. *Chappell*, 9 N. Y. 246; *Mahady* v. *Railroad Co.*, 91 N. Y. 148; *Brown* v. *Manning*, 6 Ohio 298, 303; Big. Est. 558–560; *Crowell* v. *Beverly*, 134 Mass. 98; *Chew* v. *Cook*, N. J. 1884, 17 Rep. 756; *Ashby* v. *White*, 1 Sm. Lead. Cas. 364 *n.*; *Venard* v. *Cross*, 8 Kan. 248, 255; *Eagle* v. *Railway Co.*, L. R. 2 C. P. 638; *Milarkey* v. *Foster*, 6 Or. 378; *Chichester* v. *Lethbridge*, Willes 71; *Iveson* v. *Moore*, 1 Ld. Raym. 486; *Maynell* v. *Saltmarsh*, 1 Keb. 847; *Greasly* v. *Codling*, 2 Bing. 263; *Hart* v. *Bassett*, Sir T. Jones 156; *Blagrave* v. *Bristol Water-Works*, 1 H. & N. 369; *Wilkes* v. *Hungerford Market Co.*, 2 Bing. N. C. 281; *Winterbottom* v. *Lord Derby*, L. R. 2 Ex. Cas. 316; *Pierce* v. *Dart*, 7 Cow. 609; *Van Brunt* v. *Ahearn* 13 Hun 388; Year Book 27 H. VIII, *pt. 10, p.* 27; Co. Lit., 56 a.; *Williams's Case*, 5 Co. 73; *Mayor, &c.,* v. *Henley*, 1 Bing. N. C. 222; *Blanc* v. *Klumpke*, 29 Cal. 159; *Drake* v. *Rogers*, 3 Hill 604; *Knox* v. *Mayor*, 55 Barb. 404; *De Laney* v. *Blizzard*, 7 Hun 7; *Corning* v. *Lowerre*, 6 Johns. Ch. 439; *Att'y Gen.* v. *Ins. Co.*, 2 Johns. Ch. 371.

*Bingham, Mitchells & Batchellor* and *J. H. Albin*, for the defendants.

SMITH, J. The plaintiff has no easement in the premises in dispute by express grant. No mention is made of any way in the deed from Taylor to Huse, or from Taylor to Houston. Neither did a way pass as appurtenant to the premises conveyed by Taylor to

Huse, for there was no way appurtenant to the premises, and only existing easements pass as appurtenant to the land conveyed.

In neither deed is the plaintiff bounded on a road or passway. The westerly boundary is a line running from one stake to another. No question therefore arises as to the plaintiff's right to a way in the premises in question by reason of their having been described as bounded on a way.

Nor has the plaintiff a way by prescription. This fact has been found by the trial court, and we cannot say as matter of law that this finding is incorrect. Nor has the way in question become a public highway by prescription. This fact the trial court has also found, and the finding is not seriously questioned.

Godfrey and Conant, by their deed from Taylor, acquired a right of way over the premises in question by express grant, and the easement thus acquired became appurtenant to the tannery lot. The trial court has found " that the way in controversy was left by Dyer and Taylor for the purpose of affording means of access to the tract of land on which the scythe-snath shop was located," and that it was "not left by Dyer for the accommodation of the plaintiff or those under whom he claims." By subsequent conveyances the tannery lot and scythe-snath shop lot came to the defendants with the easement of a right of way over the premises in dispute as appurtenant to those tracts, and when, on July 13, 1883, Bradford conveyed to them the tract in dispute, the easement became merged in the fee. It is objected that this deed was ineffectual to convey the premises, because executed without the previous approbation of the ministry and elders of the Shaker church, as required by article three of their church covenant. But the *cestuis que trust* do not complain, and the conveyance cannot be questioned by a stranger. It is immaterial that Bradford did not know or suppose that the Shakers had any title which he could convey. Upon the facts reported the title was in the Shakers, subject to whatever easements they had created.

It is claimed that Dyer, acting as trustee for the Shakers, subjected the defendants' premises to the servitude of a right of way in favor of the plaintiff's premises by reason of certain representations and promises made by him to Huse, Houston, and the plaintiff, by which the defendants are bound. If any equity attached to the plaintiff's premises, by reason of the promises and representations of Dyer, it rested wholly in parol, and cannot affect the rights of subsequent grantees of the Shakers without notice. *Trustees* v. *Lynch,* 70 N. Y. 440, 449; *Tallmadge* v. *Bank,* 26 N. Y. 105; *Phœnix Ins. Co.* v. *Continental Ins. Co.,* 87 N. Y. 400; *Story* v. *N. Y. E. Railroad,* 90 N. Y. 122; 1 Story Eq. Jur., s. 397.

Whatever information Godfrey may have had of the matter, it is not found that the defendants ever had notice of it; nor is it found that they were put upon inquiry, nor whether the situation of the premises was notice to them of any secret equity attached to the

plaintiff's premises; and we cannot say as matter of law that they ought to have inquired, or that the situation was notice to them. This claim of the plaintiff, however, rests upon the assumption that certain facts have been found by the trial court from evidence introduced by the plaintiff and excepted to by the defendants. The case finds that this evidence was considered by the trial court in connection with the other evidence in the case, and his findings that the passage-way in dispute was not left for the accommodation of the plaintiff, or of those under whom he claims, must be understood to mean that the claim of the plaintiff in this respect is unsupported by the evidence.

Since the argument, and since the death of the judge by whom the case was tried, the plaintiff has moved to amend the case so as to turn the evidence upon the point last mentioned into findings of fact, and he has furnished affidavits in support of his motion. The ground assigned for the motion is, that the evidence being uncontradicted (which the defendants deny), it is "a fair and necessary inference that the trial court gave full credit to the testimony, and intended to find the facts to be such as the evidence tended to show." But the case shows that this assumption of the plaintiff is not well founded. The amendments requested are in direct conflict with the main finding in the case, and with the conclusion drawn from all the evidence in the case including that excepted to. The evidence excepted to was received and considered. Presumptively, all the credit was given to it which it deserved. From the nature of the case it is impossible for us to say how much that was. One witness testified to a conversation in 1847 with Dyer, long since deceased. Another conversation was with Dyer in 1854; a third between 1854 and 1868; and all were many years since. Doubtless the appearance of the witnesses for intelligence and truthfulness, the long period of time which had elapsed since the conversations testified to took place, the liability of the witnesses to misunderstand or misrecollect what was said, the fact that they may have been supported or contradicted by other testimony more or less reliable, with perhaps other considerations, had much influence with the trial court on the question of their credibility. Without a hearing involving an examination of all the testimony, the granting of the proposed amendments would involve the rejection of all the other evidence on the same points, without knowing what it was, or how much there was of it, or how much weight it deserved. The plaintiff's affidavits show that the trial closed March 3, 1884, that the judge drew a case in which the evidence excepted to and his findings were incorporated, and that counsel for both parties were before him on May 28 for the purpose of being heard upon requests for amendments. Included in the requests then made by the plaintiff were the amendments now requested, counsel being fully heard. Some of the amendments were allowed and some refused. As the case was subsequently

printed and distributed without the amendments now requested being made, the inference is conclusive that they were denied, and the present application cannot be entertained.

The defendants may have a decree for the removal of the obstructions placed upon their land by the plaintiff.    *Clark* v. *Clark*, 61 N. H. ——; *Thielman* v. *Carr*, 75 Ill. 389.

The defendants' answer may be treated both as an answer and as in the nature of a cross bill, and there is no occasion to compel the defendants to resort to a separate suit to accomplish the same result, which may be reached in this case without further hearing or expense.    *Eastman* v. *Bank*, 58 N. H. 421, 422.

*Decree for defendants.*

All concurred.