ROCKINGHAM, DECEMBER, 1887.*

GOODWIN, *Ex'r*, v. COLBY & a.

By statute, an heir in the descending line, of a legatee named in a will, takes the legacy, which, at common law, would have fallen into the residuum by the death of the legatee before the testator.

BILL IN EQUITY, by the executor of the last will of John Sanborn, asking direction as to the payment of certain legacies, where the legatees died in the lifetime of the testator.

*Marston & Eastman*, for the plaintiff.

*Wiggin & Fernald*, for the defendants.

ALLEN, J.   At common law, when the legatee dies before the testator the legacy lapses and falls into the residuum.   2 Will. Ex. 1084; 1 Jar. Wills *338; 2 Redf. Wills 484.   But by statute

* Bingham, J., was not present at this term.

" The heirs in the descending line of any legatee or devisee deceased before the testator, shall take the estate devised or bequeathed in the same manner the legatee or devisee would have taken the same if he had survived." G. L., *c.* 193, *s.* 12.

The legatee, Area Sanborn, died in the lifetime of her husband, the testator, leaving one son, the defendant, Daniel G. Davis, an illegitimate child. He is her heir in the descending line, and by the statute will take the legacies which she would have taken had she survived the testator. The fact of his illegitimacy does not make him any less her heir in the descending line. G. L., *c.* 203, *ss.* 4, 5.

The bequests of the furniture, "except the great arm-chair," and · of one thousand dollars, being absolute and unqualified legacies to Area Sanborn, do not lapse by her predeceasing the testator, but fall to her son and heir in the descending line, Daniel G. Davis. He also takes the legacy of two hundred dollars given to him directly.

The legacy of one hundred dollars to Sarah Burns, who died before the testator leaving no heirs in the descending line, lapses into the residuum, and is taken by the defendant, John S. Colby, the residuary legatee.

*Decree accordingly.*

All concurred.