PETERBOROUGH SAVINGS BANK *v.* HARTSHORN & a.

An agreement, made in good faith and for a valuable consideration, that A shall have all the personal estate of B at B's decease, after the payment of debts and charges, is valid, and gives to A an equitable right in

the property, which right may be equitably assigned, even during the life of B, and may be specifically enforced against B's administrator after the death of B.

An equitable assignment, made by an insolvent debtor more than three months before the beginning of insolvency proceedings, for the purpose of securing a creditor, is, in the absence of fraud, good against his assignee in insolvency.

In a bill of interpleader, brought by a bank against the administrator of a depositor, the assignee in insolvency of one who had an equitable assignment from the depositor, to take effect on the depositor's death, and one to whom the equitable assignee had assigned a portion of the deposit as security for a debt, it having been determined that the last assignee is entitled to that portion of the deposit which was included in the assignment, it is unnecessary that the money should pass to her through the hands of the administrator, but the decree may be that the plaintiff pay it directly to her.

BILL OF INTERPLEADER, by the Peterborough Savings Bank against W. H. Barnes, administrator of the estate of Daniel Pratt, David E. Proctor, assignee in insolvency of the estate of John W. Keyes and Ellen M. Hartshorn. Facts agreed.

The bank holds a deposit in the name of Pratt, which it offers to bring into court, or to pay, as the court may decree. In 1871 Pratt gave Keyes a deed of certain land, containing the following words after the description: "And said John W. Keyes is to have for the above consideration all my personal estate at my decease after the payment of my just debts and personal charges." The deed was subscribed in the grantor's presence by three credible witnesses. If it can take effect as a will, it is to be considered as duly proved and allowed. Keyes mortgaged to Pratt the same land with a condition for Pratt's support, which condition has been duly performed. February 19, 1884, Keyes gave Hartshorn his promissory note for $394.39, payable on demand, with interest annually. June 13, 1884, he gave her a mortgage upon the above mentioned land to secure said note, and December 4, 1889, being then insolvent, he gave her an order upon the bank to pay to her, or order, $600 "at the decease of Daniel Pratt, who has money deposited in said Peterborough Savings Bank which comes into my possession at his decease." Hartshorn shortly afterwards notified the bank of the order and of her claim. Pratt died January 12, 1890. Keyes made an assignment in insolvency March 12, 1890, and Proctor is his assignee. Hartshorn proved her claim upon the note, but subsequently applied for leave to withdraw her proof, upon the ground that she had made a mistake in not disclosing her security, and also that she had supposed she must prove her claim, whether secured or not. Such leave was granted, after notice and hearing. There are no claims against Pratt's

estate, except the claim of Proctor, as assignee of Keyes, under the above stated clause of the deed.

*Frank G. Clarke*, for the bank.

*George B. French*, for Hartshorn.

*David Cross*, for Proctor and Barnes.

BLODGETT, J.   The contract between Pratt and Keyes as to the personal property was made *bona fide* for a valuable consideration, did not contravene public policy, might be performed within a year, and was valid.   Whatever may have been its operation in respect to title and ownership, the contract gave Keyes an equitable right and interest in the property, at least; and that was enough to enable him specifically to enforce the contract against Pratt's administrator.   Having transferred a portion of his right to Hartshorn to secure the payment of his indebtedness to her, as he might properly and lawfully do (2 Sto. Eq. Jur. (12th ed.) *s.* 1040 *c; Cudworth* v. *Scott,* 41 N. H. 456, 460), in a bill brought by him against the administrator for specific performance, she would be a necessary party, as plaintiff or defendant, and in either case her right would be enforced by a decree providing that so much of the bank deposit, not exceeding $600, be paid to her, as might be necessary to satisfy her note.

What might be done in that proceeding may be done in this. It is immaterial that the bank is plaintiff rather than Keyes, and that Hartshorn is made a defendant rather than joined as a plaintiff.   *Cox* v. *Leviston,* 63 N. H. 283, 287.   All the parties in interest have interpleaded, and the rights of all can be protected and determined.   "When jurisdiction in equity has once rightfully attached, it will be made effectual for the purpose of complete relief."   *Eastman* v. *Savings Bank,* 58 N. H. 421.

It is also immaterial whether the order operated as a legal assignment or not. . It is enough that it gave Hartshorn an equitable right to the money.   2 Sto. Eq. Jur., *supra.*   Being good as against Keyes, it is, in the absence of fraud, equally good against his assignee. ,Assignees in bankruptcy take only such rights and interests as the bankrupt had, and could himself claim and assert, at the time of bankruptcy; and they are affected with all the equities that would affect a bankrupt himself if he were asserting those . interests.   *Kittredge* v. *Warren,* 14 N. H. 509, 532.   Her rights against the one are the same as against the other.   To the extent of her interest she is entitled to be subrogated to the rights of both; and it would be mere useless circuity to decree that the money of which she is certainly the equitable owner should pass to her through the hands of the administrator.

*It is therefore adjudged and decreed, that the plaintiff pay to the defendant Hartshorn, from the deposit standing on its books in the name of Daniel Pratt, the sum of $600; that the remainder of the deposit be paid to the defendant administrator; and that whatever balance may remain in his hands, after the payment of debts and expenses of administration, be paid to the defendant assignee.*

SMITH, J., did not sit: the others concurred.