Grafton, }
June, 1894. }

CASS, *Ap't, v.* BROWN, *Adm'r.*

At common law no right passes by a release but that which the releasor has at the time.

A writing not under seal and containing no covenants will not operate as a release of the expectant interest of an heir at law.

If money be paid to an heir at law who, upon receipt thereof, relinquishes all interest in the estate, the transaction will be deemed an advancement, in the absence of evidence that it was intended as a loan or gift.

APPEAL, from a decree of the judge of probate disallowing the plaintiff's claim to a distributive share of the estate of Jonas G. Brown, who died intestate October 2, 1889, and was survived by his widow, a son, a daughter, and the plaintiff, the only child of a deceased daughter. Facts found by the court.

June 5, 1889, Jonas G. Brown paid the plaintiff $300, and she executed and delivered to him a writing not under seal, as follows: "Know all men by these presents that in consideration of three hundred dollars to me this day paid by Jonas G. Brown of Haverhill, I do hereby relinquish all my rights of dower and interest that I have or may have in the estate of said Jonas G. Brown."

The plaintiff offered to show that while her mother, who died in 1872, was on her deathbed, Jonas G. Brown, in consideration of the right to a deed of a farm, promised her to pay the plaintiff $300; that the payment of June 5, 1889, was made in performance of this agreement, and was so stated by Brown at the time the money was paid; that when the writing was signed by

the plaintiff, Brown informed her it was a receipt for the $300 which he had agreed with the mother to pay; that the value of Brown's estate was at least $10,000 when the paper was signed and at the date of his death. The defendant claimed that the writing barred the plaintiff from a distributive share in the estate, and that the evidence offered was inadmissible.

*Smith & Sloane* and *Bingham & Bingham*, for the plaintiff.

*Bingham, Mitchell & Batchellor* and *Harry M. Morse*, for the defendant.

SMITH, J.   At common law no right passes by a release but a right which the releasor had at the time the release was made. *Quarles* v. *Quarles*, 4 Mass. 680, 688. The instrument executed by the plaintiff June 5, 1889, contains no covenants and is not under seal. She had no present interest in the estate of her grandfather at the time it was executed. The instrument therefore cannot take effect as a release; and if it were under seal, there being no covenants, she would not be estopped to assert her right to a share in the estate.

Is the writing evidence that the sum of $300 was paid to her by way of advancement as her share in the estate of the deceased? "No personal property delivered shall be deemed an advancement unless proved to be such by an acknowledgment in writing, signed by the party receiving it," etc. P. S., c. 196, s. 12; G. L., c. 203, s. 12. The plaintiff was the only child and heir of her deceased mother, daughter of Jonas G. Brown, and, in case he should die intestate, she surviving him, would inherit a share of his estate, then, and at the time of his decease four months later, of the value of $10,000. The word "advancement" is not in the writing, nor is it necessary. No particular form of words is required by the statute to constitute an advancement; but it must appear that the money paid or property delivered was not paid or delivered as a loan or gift. It must appear that the money or property was intended as an advancement towards the child's future share of his father's estate. *Fellows* v. *Little*, 46 N. H. 27, 35. It is not claimed, and there is no evidence, that the sum of $300 was paid to the plaintiff as a loan or gift. She had and could have no right of dower in his real estate. But she had an expectant interest in his estate, dependent upon his dying intestate and her surviving him. If this was not the interest relinquished by the words "all my rights of dower and interest that I have or may have in the estate of said Jonas G. Brown," and if the sum of $300 was not received as an advancement in full of her share in his estate, it is not possible to give to the writing any effect whatever. Un-

less it is capable of this construction it must wholly fail.   It is not improbable that by " dower " the parties intended her expectant interest in the real estate of Jonas.   But rejecting the word as surplusage, sufficient remains to show that the sum was received as an advancement.

The plaintiff offers to show that the sum of $300 was not paid to her as an advancement, but in payment of a debt due to her from Jonas; that the paper signed by her was intended as a receipt and for no other purpose ; and that through fraud or mistake a release was substituted for a receipt.   The defendant objects that parol evidence to show these facts would be in violation of the well-known rule of evidence, that a written contract cannot be contradicted or varied by parol.

That the plaintiff's signature was obtained by fraud may be shown by parol.   Fraud vitiates every contract.   The evidence neither varies nor contradicts the contract.   On the contrary, it shows that the parties never entered into the alleged contract, and that the writing never was the deed of the party defrauded. A general plea that a deed was obtained by fraud or misrepresentation is sufficient.   1 Ch. Pl. *537.   It is a good replication to a plea of release that it was obtained by fraud.   1 Ch. Pl. *582; *Hoitt* v. *Holcomb*, 23 N. H. 535; *Webb* v. *Steele*, 13 N. H. 230; *Ladd* v. *Rice*, 57 N. H. 374; *Bell* v. *Lamprey*, 52 N. H. 41, 47.

Is parol evidence admissible to show that the writing was signed through misapprehension or mistake ?   In *Goodwin* v. *Goodwin*, 59 N. H. 548, it was held that a writing partaking of the character both of a receipt and a contract may be varied and controlled by parol evidence, so far as it is a receipt; but in other respects it stands like any other written contract, and cannot be contradicted by parol evidence.   Greenleaf says a receipt may be either a mere acknowledgment of payment or delivery, or it may also contain a contract to do something in relation to the thing delivered.   In the former case it is merely *prima facie* evidence of the fact, and not conclusive, and therefore the fact which it recites may be contradicted by oral testimony.   But so far as it is evidence of a contract between the parties it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol.   1 Gr. Ev., *s.* 305.   The rule that a receipt furnishes mere *prima facie* evidence of the facts, grows out of the fact that a receipt is not a contract.   " It is a mere declaration or admission in writing."   *Ryan* v. *Ward*, 48 N. Y. 204, 208.

In *Furbush* v. *Goodwin*, 25 N. H. 425, parol evidence was held admissible to show that the purpose for which money was paid was different from that stated in a receipt.   *Woods*, J., said : " It is not a rule of law of recent date, or a doctrine of new impres-

sion, that a receipt may be explained by parol evidence. If its import be not what the parties designed it should be, or if, in its terms, it be not what it was intended to be, the true intent and meaning of it may be shown by parol. In fact, no principle, perhaps, is better settled than that receipts may be explained by parol, and their true meaning and purpose shown, although the same may not be in accordance with their provisions; and in effect, in that way the terms of the written instrument may be varied, explained, limited, and controlled by parol evidence. . . . The object of proofs let in by way of explanation, is to show that instruments to be explained do not express the true intent of the parties, and to show that the same were not designed to have, and should not be allowed to have, the effect which, by their terms, they would properly have."

In *Insurance Co.* v. *Wilkinson*, 13 Wall. 222, an action upon a policy of insurance, parol evidence was received to show that incorrect answers to certain questions in the application were inserted by the agent of the insurance company without any procurement, fault, or negligence of the assured. The decision in that case might well be sustained upon the ground that a fraud had been perpetrated upon the assured.

In *Fuller* v. *Crittenden*, 9 Conn. 401, 406, it was said: "The true view of the subject seems to be that such circumstances as would lead a court of equity to set aside a contract (such as fraud, mistake, or surprise) may be shown at law to destroy the effect of a receipt."

In *Goodwin* v. *Goodwin, supra*, there was no contention that the terms of the writing were not what the parties intended and understood, and hence no parol explanation was required as to its purport and effect. *Foster*, J., in the opinion remarked: "The contract is positive. It might, perhaps, be avoided by showing that the plaintiff's signature was obtained by fraud, or through a mistake or misapprehension of material facts."

It will probably be found on examination of the cases, that the conflict in the decisions is not wholly reconcilable.

In this view of the case, without attempting to decide how far the writing in question is a receipt and how far it is a contract, we do not decide whether parol evidence is admissible in this proceeding to show that it was signed through mistake or misapprehension of material facts. The plaintiff has a full and adequate remedy by filing a bill in equity for a reformation or rescission of the writing, as an amendment to her reasons of appeal.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.