Rockingham, }
  Dec., 1900. }

## ROLLINS, *Ex'r, v.* MERRILL *&amp; a.*

Where the language of a will expresses an intent to dispose of the whole of a fund, and there is no evidence that it was used in a different sense, a bequest to one who has died during the lifetime of the testator is payable to his heirs.

If the trustee named in a will declines to accept a bequest for a charitable use, the fund should be administered in accordance with the intention of the testator, by a trustee appointed by the probate court.

BILL IN EQUITY, by the executor of the will of Lucy B. Smith, for instructions. Facts found by the court.

The will contains the following bequest: "To George Annable of said Portsmouth, three hundred dollars, to be held by him and applied at his discretion for the benefit of Salome B. Stavers." Annable and Salome B. Stavers both died during the lifetime of the testatrix. Salome left one son, Andrew L. Stavers, who is now living. The will contains a residuary clause.

There is also a legacy as follows: "For the care of the lot in the cemetery, the sum of two hundred dollars, the income thereof to be used under the charge of Nathan Parker Simes, in the care of the lot and gravestones, and on the death or refusal to act of said Simes, to be paid to the trustees of the South Church Charity Fund on their undertaking to keep said lot and stones in order." Simes died before the testatrix, and the trustees named decline to . accept the bequest.

The executor is unable to find a trustee who will undertake the trust with the condition annexed thereto by the  will. He asks whether the bequest to Salome B. Stavers lapsed, and what disposition shall be made of the bequest for the care of the cemetery lot.

*William H. Rollins*, for the plaintiff.

*Samuel W. Emery* and *Thomas H. Simes*, for the residuary legatees.

*George F. Parker*, for Andrew L. Stavers.

PEASLEE, J. The legacy to Annable, in trust for Mrs. Stavers, was a gift of the whole of the fund. If she had survived the testatrix, and a part of the fund had remained undisposed of at her own decease, the residue would have gone to her representatives,

and not to the residuary legatee named by the testator. *Sawyer* v. *Banfield*, 55 N. H. 149. That case decides that the language there used expressed an intent to dispose of the whole of the sum mentioned. The form of the bequest is substantially the same as in the present case. In the absence of evidence that this testatrix used the language in some other sense, it should be given the meaning already attributed to it in the decisions in this state. The gift being of the whole fund, and the beneficiary having died in the lifetime of the testatrix, the money goes to the son of the deceased legatee. P. S., c. 186, s. 12.

The legacy for the care of the cemetery lot cannot take effect exactly as the testatrix intended, because the condition she imposed is more burdensome than the trustee will assume. This being so, and the legacy being for a charitable use (*Webster* v. *Sughrow*, 69 N. H. 380), such method of administering the fund should be adopted as will carry out the intention of the deceased, in view of the present conditions. That intention was to provide for the care of the lot and stones. A trustee should be appointed to invest the money and apply the income thereof to this object.

The executor is advised that the three-hundred-dollar legacy is payable to Andrew L. Stavers, and that the two-hundred-dollar legacy is to be treated as a bequest of that sum to be invested and the income applied to the care of the cemetery lot.

*Case discharged.*

WALLACE, J., did not sit: the others concurred.