FRANKLIN NATIONAL BANK & a., *Ex'rs*

*v.*

LEONARD S. GEROULD & a.

*Demond, Piper, Sulloway & Jones,* and *Benjamin W. Couch,* for the executors.

*Demond, Piper, Sulloway & Jones (Mr. James B. Godfrey* orally), for the residuary legatee.

*Murchie, Murchie & Blandin,* and *Bernard Jacobs,* for Mary's heirs-at-law.

*Per Curiam.* The will was evidently prepared with skill by one who was familiar with the principle of lapse of legacies and who more probably than not explained it to the testatrix. In any event, it may not be assumed that she was uninformed and ignorant in regard thereto. It shows no intention that Mary's pecuniary legacy should not lapse if she predeceased the testatrix. On the contrary, an intention that it should lapse is fairly clear, if she should die, as she did, without leaving issue. The fact that John might and Charles did have issue made it necessary to provide for their survivorship of the testatrix in carrying out her purpose that their issue should not take if they did not survive her. But the provision for such survivorship was not a bequest to Mary's heirs-at-law of her legacy if she predeceased the testatrix. The will cannot reasonably be read with such effect. If Mary had left lineal heirs, they would have taken under the statute (P. L., *c.* 297, *s.* 12), as the will made no provision which would prevent the applicability of the statute to her legacy, in contrast with the legacies to John and Charles. The statute is designed to avoid a lapse under certain conditions, which do not here exist, and the testatrix has done nothing to avoid it under other conditions. Special treatment of the legacies to John and Charles, to avoid the application of the statute in favor of lineal descendants, indicates no purpose to avoid lapse altogether by provision for Mary's heirs-at-law other than lineal descendants.

Whether Mary had issue when the will was executed, or whether she neither had, nor could have, nor was expected to have, any, does not appear. But it is immaterial. If she had or might have any, the will did not provide that the statute should be inoperative as to them. If she left none, the statute was inoperative, because it was effective only if issue were left.

The clause contains five pecuniary legacies, each to a different cousin. One of them who survived the testatrix has issue. If he had predeceased her, his surviving issue would take, by force of the statute. But that fact is no evidence of a purpose that the legacy to Mary, having no issue, should not be subject to lapse. It is of no bearing and significance, equally with the provision for lapse of the legacies to John and Charles. A purpose that the statute should be operative is no declaration of a purpose that there should be no lapse if the statute was inoperative. The declared bar against the operation of the statute in respect to the legacies to John and Charles and the omission to declare it for the other legacies are alike indicative of no purpose to have the common-law rule of lapse avoided.

To find that the will gave the bequest to Mary's heirs-at-law in the event of the testatrix outliving her, in the absence of express statement therefor, would ignore the legacy of the tangible personalty, in which express statement providing for the contingency appears. Declaration that Mary's heirs-at-law should take the bequest if both Mary and another cousin should predecease the testatrix indicates that the omission of the declaration in respect to the pecuniary legacy, substantial in amount, was intentional. The two bequests were in separate and unrelated clauses with differences of marked contrast.

The legacy to Mary lapsed and became a part of the residue.

*Case discharged.*