Cheshire, April 4, 1950. } No. 3913.

GEORGE H. DUNCAN, *Adm'r, w. w. a.*

*v.*

GEORGIA ADELLA BIGELOW & *a.*

218

*John R. Spring*, for the plaintiff.

The defendants entered no appearances.

JOHNSTON, C. J. A preliminary question arises concerning the right of the administrator to have the will construed. It was held in *Podrasnik* v. *Trust Company*, 92 N. H. 65, that the sole procedure for an executrix who desired a will construed for purposes of distribution was "to file an account of her settlement of the estate accompanied with a petition for a decree of distribution of the balance found in her hands upon the settlement."

It is true that whether a court of equity will advise or direct is a matter of discretion. 33 C. J. S. 1109. In the present case the Superior Court has exercised its discretion in favor of the plaintiff and transferred for ruling so far as the plaintiff may be entitled as a matter of law the questions asked by him.

While the Probate Court has exclusive, original jurisdiction of decrees of distribution (R. L., c. 360, s. 7), this does not prevent the Superior Court from giving advice to a fiduciary concerning his future handling of an estate. So far as the *Podrasnik* case holds otherwise, it is overruled. "If the probate court has jurisdiction to construe a will or deed of trust, as an incident of its authority to pass upon accounts, or make a decree of distribution, it is not to be doubted that the superior court still has the frequently exercised power to advise a fiduciary as to the law governing his future conduct of the trust." *Rockwell* v. *Dow*, 85 N. H. 58, 67. This jurisdiction of the Superior Court is due to its equity powers. "Matters affecting the conduct of fiduciaries which have not been definitely placed by statute within the exclusive jurisdiction of probate courts are still cognizable in equity." *Wentworth* v. *Waldron*, 86 N. H. 559, 561.

The following are some of the cases in which an executor (or adm'r w. w. a.) was given advice involving the construction of a will previous to the filing of a final account and a petition for a decree of distribution. *Franklin National Bank* v. *Gerould*, 90 N. H. 397; *McAllister* v. *Elliot*, 83 N. H. 225; *Blaisdell* v. *Coe*, 83 N. H. 167; *Glover* v. *Baker*,

76 N. H. 393; *Chase* v. *Moore*, 73 N. H. 553; *Gardner* v. *Gardner*, 72 N. H. 257; *Goodhue* v. *Clark*, 37 N. H. 525. Moreover, a decree of direction and advice concludes the parties upon all points that were adjudicated. *McAllister* v. *Elliot, supra.*

It may be noted that Laws 1947, *c.* 90, provides an alternative remedy which in certain cases may be more expeditious for ascertaining requested instructions.

The plaintiff in his brief states: "The real question at issue is the construction of the will with reference to the real estate, and the contents of the house, which at the time of the testatrix's death had been converted into cash by the plaintiff as guardian and deposited in savings banks." Do the proceeds pass under the third or the fourth paragraph of the will?

Although the authorities elsewhere are divided, it has been settled in this jurisdiction that the guardian of an insane or incompetent testator cannot convert the subject matter of a specific devise or bequest so as to work an ademption thereof. *Morse* v. *Converse*, 80 N. H. 24. The conflict in authority is said to be due to the fact that some courts have ruled that the intention of the testator must control so that ordinarily there would be no ademption, while others have said that the true test is whether the property bequeathed remains in specie. 57 Am. Jur. 1090. Without considering evidence of intention other than that found in the will and in the nature of the change, the court said in the *Morse* case, *supra*, 26: "it is clear that there can logically be no ademption of the legacy unless the change is itself of such a character as to establish a change in testamentary intention. Consequently a change of which the testator was ignorant and which he did not authorize is not evidence of a change in such intent." Accordingly, it was held that there was no ademption so far as the proceeds of the subject of the specific legacies could be traced.

The view taken in this jurisdiction has support elsewhere. *Wilmerton* v. *Wilmerton*, 176 Fed. 896; *In re Cooper's Estate*, 95 N. J. Eq. 210. "If the proceeds of such sale [a sale by the guardian of an insane testator], collection, etc., have not been expended for the benefit of the testator and can be traced, it is generally held in the United States that the sale, collection, and the like by the guardian does not adeem a specific devise or legacy; and that the devisee or legatee takes the proceeds as far as they can be traced." 4 Page on Wills 388.

Although the above authorities relate to a specific devise or legacy, whereas the gift of the real estate and contents of the house in the present case was general, a similar result should be reached. If the

same reasoning is followed as in the *Morse* case that there was no ademption of the proceeds that could be traced because there was no intention of the testatrix to that effect, it would result here that there would be no ademption of the house and contents because there was no intention of the testatrix that there be any change in the gift under the residuary clause. The beneficiaries intended should take rather than those under a different paragraph. The administrator is advised in answer to the third question that the funds of class C belong in the remainder of the estate to be distributed under the fourth paragraph.

The legacy of cash and bank deposits under the third paragraph was a gift of specific property according to its kind or class. *Malcolm* v. *Malcolm*, 90 N. H. 399, 401. As such it should not be "charged with any part of the expenses of administering the estate" (*ib.*) that may be satisfied from the residue. The bills of the estate and the expenses of administration should be paid from class C funds.

In answer to the first question, there is nothing to indicate that the guardianship expenses were not properly paid from funds of class B.

*Case discharged.*

All concurred.