Belknap County Probate Court
No. 7366

ESTATE OF EVA CLOUTIER

May 29, 1976

*Robert L. Hemeon, administrator,* pro se, filed no brief.

*Snierson, Chandler & Copithorne* and *Edgar D. McKean III (Mr. McKean* orally) for Armand Guilmette.

*Nighswander, Lord, Martin & KillKelley* and *David S. Osman (Mr. Nighswander* orally pro se, as guardian ad litem) for heirs of Eva Cloutier.

*Richard P. Brouillard,* by brief and orally, for Rita Beaupre Cole.

DUNCAN, J. This case was transferred by the Probate Court of Belknap County *(Tilton,* J.) in advance of ruling on a petition by Robert L. Hemeon, administrator w.w.a. of the estate of Eva Cloutier, who died testate on June 8, 1973. The petition seeks instructions concerning distribution of the estate. The will of Eva Cloutier was executed on January 19, 1929, and admitted to probate on April 18, 1974. The testatrix left her entire estate to her uncle Rosaire Cloutier. Rosaire predeceased the testatrix on October 26, 1968, survived by a daughter Rita Beaupre Cole.

On September 29, 1959, the testatrix was declared incompetent and Armand Guilmette was appointed guardian and served in that capacity until her decease in 1973.

Under date of November 27, 1961, Rosaire Cloutier executed a document, recorded in 1964, by which he "quitclaimed" all right, title, and interest in any estate which "Eva Cloutier may devise to me". The instrument named no grantee but was prefaced by a recital that Rosaire Cloutier was vitally interested that Guilmette continue as guardian, and concluded with a statement that the document was intended "to release and assign any and all interests by virtue of any devise and/or gifts on the part of Eva Cloutier". Additionally the instrument was labelled on its reverse side, "QUITCLAIM, Rosaire Cloutier to Armand Guilmette".

Eva Cloutier was survived by brothers and sisters of the whole and half-blood or their representatives. Under date of May 1963 certain of the heirs executed an unacknowledged quitclaim deed to Guilmette of all their rights in the estate of Eva Cloutier.

Guilmette claims the residue of the estate by virtue of the assignments from Rosaire Cloutier and the heirs of Eva Cloutier. Rita Beaupre Cole claims under RSA 551:12 as the sole heir in the descending line of Rosaire Cloutier. The guardian ad litem of the heirs of Eva Cloutier contests the validity of the two conveyances or assignments to Guilmette, and the capacity of Guilmette to accept any assignments of an interest in the estate of his ward. He asserts that the instrument executed by Rosaire Cloutier under date of November 27, 1961, was a relinquishment of Rosaire's expectancy to its source, namely to the testatrix *(See* Restatement of Property § 316 (a), Comment *f* (1940)) and claims the estate by intestacy for the heirs of the testatrix.

We see no reason to doubt the jurisdiction of the probate court over the issues relating to distribution of the estate. RSA 547:3; *see Duncan v. Bigelow,* 96 N.H. 216, 72 A.2d 497 (1950). It is our opinion that the instrument executed by Rosaire Cloutier on November 27, 1961, was not a relinquishment of any prospective interests under the will of Eva Cloutier, which would operate to produce an intestacy. *See* Restatement § 316, Comment *f supra.* The document as a whole demonstrates a purpose to benefit Guilmette, and if effective for any purpose, could operate only as an assignment to Guilmette of Rosaire Cloutier's expectancy.

The parties differ as to the question of the validity of such an assignment. While the authorities do not uniformly agree that expectancies may be made the subject of assignment, the weight of authority supports the view that they may be assigned inter vivos and without the consent of the donor by a contract entered into for a fair consideration. Restatement of Property § 316 (b) (1940);

*Peterboro Savings Bank v. Hartshorn,* 67 N.H. 156, 33 A. 729 (1891); 1 Page, Wills § 16.17 (Bowe-Parker Rev. 1960); 3 American Law of Property § 14.12, at 598 *et seq.* (A. Casner ed. 1952); *cf. Cass v. Brown,* 68 N.H. 85, 44 A. 86 (1894).

The issue need not be determined in this case since we are of the opinion that the rights of the parties are controlled by the anti-lapse statute, RSA 551:12, which provides as follows: "The heirs in the descending line of a legatee or devisee, deceased before the testator, shall take the estate bequeathed or devised, in the same manner the legatee or devisee would have taken it if he had survived."

Under such anti-lapse statutes "the property passes directly from testator to the issue of the deceased beneficiary, as if such issue had been named in the will instead of the deceased ancestor". 6 Page, Wills § 50.2 (Bowe-Parker Rev. 1962). *See also* 80 Am. Jur. 2d *Wills* § 1683 (1975); *In re Rose Estate,* 95 N.H. 208, 60 A.2d 116 (1948); *Rollins v. Merrill,* 70 N.H. 436, 48 A. 1088 (1900); *Goodwin v. Colby,* 64 N.H. 401, 13 A. 866 (1887).

Since Rosaire Cloutier predeceased the testatrix his purported assignment in favor of Armand Guilmette never became effective to transfer his interest to Guilmette, because that interest was never "derived" by Rosaire. *See* Restatement of Property § 316 (b) (1940); 3 American Law of Property, *supra* at 601 & n.46. Instead, that interest passed directly to Rita Beaupre Cole under the will of the testatrix by virtue of RSA 551:12. Since no intestacy resulted, the heirs of Eva Cloutier can take no interest in the estate. It follows that the so-called quitclaim deeds of November 27, 1961, and May 1963, have no legal effect upon the distribution of the estate.

The offer of proof made on behalf of the claimant Guilmette would afford no basis for a ruling that Rita Beaupre Cole should be estopped to enforce her independent right under the statute. The proof offered would not admit of a finding that Guilmette relied to his detriment upon her participation in the procurement of the partially executed assignment from the heirs. So far as appears from the record, Guilmette is entitled to compensation for his services as guardian in ordinary course. The residue of the estate of the testatrix should be distributed to Rita Beaupre Cole pursuant to RSA 551:12.

*Remanded.*

All concurred.