NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

3rd Circuit Court-Ossipee Probate Division
Case No. 2023-0528
Citation: In re Estate of Thurrell, 2024 N.H. 66


IN RE ESTATE OF MARC F. THURRELL

Submitted: June 6, 2024
Opinion Issued: December 10, 2024


Sager & Smith, PLLC, of Ossipee (Weston R. Sager and Donald M. Smith on the brief), for the petitioner.


Harman Law Offices, of Exeter (Terrie Harman and Kathleen McKenzie on the brief), for the respondent.


BASSETT, J.

[¶1] The respondent, Linda P. Thurrell, appeals two orders from the Circuit Court (Moran, J.) ruling that RSA 551:12, New Hampshire's anti-lapse statute, applies to the will of the decedent, Marc F. Thurrell.  On appeal, the respondent argues that the trial court erred in applying the anti-lapse statute to the will because the decedent intended that, if the two named beneficiaries predeceased him, the will would lapse, and he would die intestate.  We affirm.

[¶2] The trial court found, or the record supports, the following facts. In 1997, the decedent executed a two-page will, which provides in relevant part:

> SECOND: I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, wherever found and however situate, including property over which I have the power of appointment or disposition, to my father . . . . If I am not survived by my father . . . , I give, devise and bequeath all of said rest, residue and remainder of my estate to [my uncle].

> THIRD: I have, except as otherwise provided in this Will, intentionally and with full knowledge, omitted to provide for my heirs who may be living at the time of my death, including any person who may become my heir or heirs by reason of marriage or otherwise after the date of the execution of this Will.

[¶3] Following execution of the will and prior to the decedent's death, the decedent's uncle and the decedent's father both died. At the time of the decedent's death, three of the uncle's children were alive, and one of the father's children was alive. The father's living child is the decedent's sister and the respondent in this action.

[¶4] In 2022, the petitioner, Francis E. Lord, filed a petition for estate administration in the trial court. The petition listed the uncle's children as the children of a deceased person who was not required to survive the decedent in order to inherit. The respondent was listed in the petition as a sibling of the decedent who was not named as a beneficiary in the will. The trial court granted the petition and appointed the petitioner as executor of the decedent's estate.

[¶5] The respondent objected and filed a motion to set aside the petition because it did not name her as a person to inherit under the will. She argued that the estate should pass to her pursuant to RSA 551:12, the anti-lapse statute, because the father predeceased the decedent and she is the sole surviving lineal descendant of the father. See RSA 551:12 (2019) ("The heirs in the descending line of a legatee or devisee, deceased before the testator, shall take the estate bequeathed or devised, in the same manner the legatee or devisee would have taken it if he had survived."); cf. Merrow v. Merrow, 105 N.H. 103, 106 (1963) (explaining that "lineal descendants of the deceased . . . include children"). Alternatively, she argued that, because the father and the uncle predeceased the decedent, the estate should pass through intestacy to her as the sole heir.

[¶6] The trial court denied the respondent's objection and motion, ruling that the bequest to the decedent's father lapsed because the will required him to survive the decedent in order to inherit from the will. In contrast, the trial

court determined that the bequest to the uncle did not lapse because the will did not require him to survive the decedent to inherit and, therefore, the anti-lapse statute applies to the bequest to the uncle.  Applying the statute, the court ruled that the bequest to the uncle passes to the uncle's children as his lineal descendants.  The respondent unsuccessfully moved for reconsideration.

[¶7]  The respondent then filed a motion to determine heirs.  She argued that unless the will specifically provided otherwise, the decedent intended to omit his heirs from the will.  Accordingly, the respondent asserted that, in order to prevent omitted heirs from inheriting under the will, the trial court was required to determine the identity of the decedent's heirs.  The trial court denied the motion.  This appeal followed.

[¶8]  Our standard of review of a circuit court probate division decision is determined by statute: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made."  RSA 567-A:4 (2019).  Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law.  In re Estate of Couture, 166 N.H. 101, 105 (2014).  We review the trial court's interpretation of a statute de novo.  DeLucca v. DeLucca, 152 N.H. 100, 103 (2005).

[¶9]  The primary issue on appeal is whether the trial court erred when it applied the anti-lapse statute to the decedent's bequest to the uncle and concluded that, pursuant to the statute, the uncle's children are the beneficiaries of the will.  The respondent argues that the trial court erred because its ruling contravenes the intent of the decedent as expressed in the will.  She asserts that the decedent intended that, in the event that his father and his uncle predeceased him, the anti-lapse statute should not apply, the will should lapse, and the decedent should die intestate.  We disagree.

[¶10]  It is well settled that the testator's intent is the sovereign guide in the interpretation of a will, and, this intent being ascertained, the court must enforce it unless it is illegal or impossible to do so.  King v. Onthank, 152 N.H. 16, 18 (2005).  "What we seek is the intention of the testator as shown by the language of the whole will in the light of all the surrounding circumstances . . . ."  Dennett v. Osgood, 108 N.H. 156, 157 (1967).

[¶11]  Here, the language of the will does not express the decedent's intention that, under these circumstances, the will lapse and the decedent die intestate.  First, the execution of a will creates a presumption that the decedent intended to die testate.  See In re Frolich Estate, 112 N.H. 320, 325 (1972) (explaining that the "execution of a will indicates that the testator intended to die testate" and creates a "presumption that a testator intended his entire estate to pass under his will").  Second, the residuary clause disposing of the remainder of the decedent's estate "strengthens the presumption" against a

purpose of intestacy by the decedent. Id. Therefore, the existence of the will and its language create a presumption against a purpose of intestacy. See id.

[¶12] Nor does the will's language show that the decedent intended to render the anti-lapse statute inapplicable to the will; rather, it shows that the decedent knew how to preclude application of the anti-lapse statute, and selectively did so. By requiring his father to survive him to inherit, the decedent expressed an intent that the anti-lapse statute not apply to the bequest to his father. See Franklin Nat. Bank v. Gerould, 90 N.H. 397, 398 (1939) (per curiam) (explaining that survivorship requirements "prevent the applicability of the [anti-lapse] statute"). In contrast, there is no survivorship requirement placed upon the bequest to the uncle, nor does any other provision in the will evidence an intent for the anti-lapse statute to be inapplicable to the uncle. This difference in language shows that the decedent intended that the anti-lapse statute would not apply to the bequest to his father, but it would apply to the bequest to his uncle. See id.

[¶13] The respondent argues that the will's intentional omission clause reflects a different intent. The intentional omission clause states that, "except as otherwise provided in [the] Will, [the decedent] intentionally and with full knowledge, omitted to provide for [his] heirs who may be living at the time of [his] death." The respondent argues that, because the uncle's children are the decedent's heirs, allowing them to inherit under the will is contrary to the decedent's intent to omit his heirs as expressed in the clause. We disagree.

[¶14] The clause states that the decedent intends to omit current and potential heirs "except as otherwise provided in this Will." The will provides for the father and the uncle by granting them residuary bequests. In addition, the will provides for the uncle's children because, as explained above, the will includes no survivorship requirement on the bequest to the uncle and the anti-lapse statute applies to that bequest. As a result, the will's language expresses an intent that, under these circumstances, the bequest to the uncle will pass to the uncle's surviving children "as if [they] had been named in the will." Estate of Cloutier, 116 N.H. 326, 328 (1976) (quotation omitted). Accordingly, allowing the uncle's children to inherit from the will is consistent with the language of the intentional omission clause because that inheritance is "provided in [the] Will."

[¶15] The respondent argues that this result renders the intentional omission clause ineffective. To the contrary, this construction effectuates the clause's purpose. The purpose of the clause is to omit the decedent's heirs not provided for in the will, and this construction has the effect of excluding all heirs other than the father, the uncle, and the uncle's lineal descendants. For example, this construction effectuates the decedent's intent to prevent his sister — the respondent — and his other heirs-at-law from inheriting the

4

estate, as expressed by the will's language requiring the father to survive the decedent to inherit his bequest and by the intentional omission clause.

[¶16] Accordingly, we agree with the trial court that the bequest to the uncle did not lapse. Pursuant to the anti-lapse statute, the heirs in the descending line of the uncle inherit the bequest in the same manner he would have if he had survived. See RSA 551:12. Here, because the uncle would have inherited the estate via the residuary clause, the uncle's living children — as his lineal descendants — inherit the estate via the residuary clause, and the bequest does not lapse. See id.; Estate of Cloutier, 116 N.H. at 328.

[¶17] Finally, the respondent argues that the trial court erred when it denied her motion to determine heirs. The respondent argues that it is necessary to determine heirs because, if the uncle's children are the decedent's heirs, then they are omitted from the will by the intentional omission clause. However, as explained above, the intentional omission clause omits the respondent's heirs "except as otherwise provided" for in the will, and the will provides for the uncle's children by application of the anti-lapse statute. Therefore, the respondent's motion rested on a flawed premise, and the trial court properly denied it.

[¶18] For the foregoing reasons, we conclude that the trial court did not err when it applied RSA 551:12 to the residual bequest to the uncle. Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and DONOVAN and COUNTWAY, JJ., concurred.